WILCOX, *qui tam*, &c. *against* E. and B. FITCH.

The plaintiff, in an action of ejectment, is a creditor, within the meaning of the statute of frauds; and may maintain an action of debt under the *fourth* section of the statute, to recover the amount of a *bond* executed by the defendant, on which a judgment was entered, and execution issued, with intent to defraud his creditors.

THIS was an action of debt, brought on the *fourth* section of the statute of *frauds*, (sess. 10. ch. 44. 1 *N. R. L.* 75.) to recover 1,283 dollars and 92 cents, being the amount of the condition of a bond executed on the 10th of *November*, 1817, by *Ebenezer Fitch* to *Bush Fitch*. The declaration, which was of *August* term, 1820, alleged, that the bond was made by *E. F.* to defraud his creditors, contrary to the act, &c.; and that judgment was entered up on

A *qui tam* action on the *fourth* section of the statute of frauds, which gives a moiety of the sum recovered to the people, and the other moiety to the party aggrieved, is not within the statute of limitations, and the suit may, therefore, be brought at any time.

the bond, on the day of its date, and a *fi. fa.* immediately issued on the judgment. That at the time of making such fraudulent bond, the plaintiff had a just and lawful cause of action pending in the Court of C. P. of *Essex* county, against *E. F.*, which he, afterwards, prosecuted to judgment; and that *E. F.* was, at the time, &c. and now is, indebted to the plaintiff, in the sum of 200 dollars; and that the plaintiff has been delayed, hindered, and defrauded, &c.

At the trial, the plaintiff proved the making of the bond by *E. F.*, to his brother *B. F.*, on the 10th of *November*, 1817; that judgment was entered thereon, and execution issued on the same day, by virtue of which, all the real and personal estate of *E. F.*, was sold to *B. F.*, for 800 dollars. That shortly before the bond was executed, *E. F.* declared that his property should not be sacrificed, and that he was going to put his property out of his hands, and that he had sent for his brother, *B. F.*, to assist him; that *B. F.* purchased the property, and *E. F.* lives in the house, and occupies the farm. The plaintiff, also, gave in evidence a record of a judgment in ejectment in his favour, against *E. F.*, and, also, of a judgment in an action of trespass for the mesne profits, on which execution was issued, and returned *nulla bona.* It appeared, that the action of ejectment was pending at the time the bond was executed by *E. F.* to *B. F.*

The defendant's counsel moved for a nonsuit, because, it appeared, that more than *two* years had elapsed from the time the bond was given to the bringing of this suit; but the Judge refused the motion, reserving the question; and the jury found a verdict for the plaintiff, for 1,283 dollars and 92 cents.

A motion was made to set aside the verdict, and for a new trial.

The cause was submitted to the Court, on the points stated, without argument.

WOODWORTH, J. delivered the opinion of the Court. The objections against the plaintiff's recovery, are, that he was not a creditor when the bond was given, and that the statute of limitations is a bar. As to the first, it appears, that previous to the execution of the bond, the

plaintiff had commenced an action of ejectment against *Ebenezer Fitch*, which was pending on the 10th of *November*, 1817, and judgment was afterwards obtained against the casual ejector; a judgment was also recovered for the mesne profits; an execution was issued thereon, and returned *nulla bona*. The case of *Jackson* v. *Myers* (18 *Johns. Rep.* 425.) disposes of this objection; it was there held, that a conveyance made with intent to defeat a recovery for damages, in an action pending for a *tort*, and before trial and judgment, was fraudulent and void, within the statute against frauds.

The words of the statute are, " to defraud creditors and others of their just and lawful actions, damages, and demands." The plaintiff in the ejectment cause was protected by the statute, as fully if he had been a creditor. He claimed the recovery of possession, and damages for the mesne profits; and the result shows he had a just and lawful action.

The fourth section of the statute of frauds, gives one moiety of the penalty to the people, and the other moiety to the party aggrieved; there is no limitation in this section, as to bringing the action. The suit was commenced in *August*, 1820, more than two, but less than three years after the execution of the bond. The sixth section of the act for the limitation of actions, declares, that all actions for any forfeiture, upon any penal statute, where the forfeiture is limited *to the people of the state only*, shall be brought within two years; that when the penalty is given *to any person who shall prosecute for the same, or to the people, and to any other who shall prosecute*, the action shall be brought by the person who may lawfully pursue for the same, *within one year*; and in default of such pursuit, the same shall be brought for the people *at any time within two years after that year ended*; and that where the benefit of the forfeiture is given to the party aggrieved, *the action shall be sued within three years*.

Neither of these limitations apply to the case under consideration, for here the penalty is limited, and given to the party aggrieved and the people, in equal portions; no other person is entitled to sue and recover.

The consequence is, that this case not being within any of the limitations in the statute, the suit is not barred by length of time; since by the common law there was no stated or fixed time as to the bringing of actions. (*The People* v. *Gilbert*, 18 *Johns. Rep.* 228.)

We are of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.