LOUISA HAYDEN, Respondent, *v.* MARY R. PIERCE, as Executrix, etc., Appellant.

The words "rules of limitation," in the section of the chapter of the Code of Civil Procedure on limitations, which declares that the provisions of the chapter "apply and constitute the only *rules of limitation* applicable to a civil action or special proceeding" (§ 414), refer, not to all the provisions of the chapter, but only to those fixing periods of time within which the various classes of actions specified are to be brought.

The clause, therefore, of said section which exempts from the "rules of limitation" as laid down in the chapter "a case where a different limitation is specially prescribed by law" does not exempt a case where a different limitation is so prescribed from the operation of the provisions of said chapter other than those fixing the limit of time.

Accordingly *held*, that the provision of said chapter (§ 401) declaring that "when the cause of action accrues against a person who is without the state, the action may be commenced against him within the time limited therefor after his return into the state," applied to an action upon a disputed and rejected claim against the estate of a deceased person; and so, where it appeared that the executor was at the time of the death of the testator and ever since has been a resident of another state, although the action was not brought within six months after the rejection of the claim, as limited by the Code (§ 1822), that the action was not barred.

Reported below, 71 Hun, 593.

(Argued January 17, 1895; decided January 29, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 12, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edmund Luis Mooney* for appellant.   The plaintiff's action is barred by the short Statute of Limitations contained in section 1822 of the Code of Civil Procedure.   (Code Civ. Pro. §§ 398, 414, 1596, 2628; *R. R. Co.* v. *Chamberlain*, 52 How. Pr. 23; *In re Comrs.*, 50 N. Y. 493; *In re D. & H. C. Co.*, 69 id. 209; *Hill* v. *Bd. Suprs.*, 119 id. 344; *In re Lange*, 3 How. Pr. [N. S.] 162; *In re Hurd*, 9 Wend. 465; *C. W. Co.* v. *Hodenpyl*, 61 Hun, 557; *Murphy* v. *Hall*, 38 id. 528; *Butler* v. *Johnson*, 111 N. Y. 212; *Prentice* v. *Whitney*, 8 Hun, 301.)   The rejection of the claim in suit was properly made.   (*Van Saun* v. *Farley*, 4 Daly, 165; *Selover* v. *Coe*, 63 N. Y. 438.)   A creditor of a decedent's estate may commence an action within the time limited by section 1822, notwithstanding the non-residence of the executrix.   (Code Civ. Pro., §§ 1380, 1822, 2472, 2481; *Lichtenberg* v. *Herdtfelder*, 103 N. Y. 302; *In re Underhill*, 117 id. 478.)   The terms of the short Statute of Limitations will not be relaxed because of any hardship or inconvenience which may result to a creditor of a decedent's estate · by reason of the non-residence of the executrix.   (*Demarest* v. *Wynkoop*, 3 Johns. Ch. 142; *Vance* v. *Vance*, 108 U. S. 514, 521; *Amy* v. *Watertown*, 130 id. 320; *In re Kendrick*, 107 N. Y. 104; *Hogan* v. *Kurtz*, 94 U. S. 773, 778.)

*E. W. Harris* for respondent.   The court correctly held on the trial and at Special Term that the action was not barred.   (*Titus* v. *Poole*, 60 Hun, 1; *Wilder* v. *Ballou*, 63 id. 118; *Hill* v. *Bd. Suprs.*, 119 ·id. 344.)   The defendant being an executrix and a non-resident, no judgment could be obtained against her by default, so the plaintiff was remediless unless the defendant elected to appear in the action.   (Code Civ. Pro. § 1217; *Metcalf* v. *Clark*, 41 Barb. 45.)   The presentation of the plaintiff's claim to the attorneys of the defendant and their rejection of it was not a compliance with the statute, and was ineffectual.   (*Whitmore* v. *Foote*, 1 Den. 159; *Hardy* v. *Ames*, 47 Barb. 413.)

O'BRIEN, J.    This was an action upon a written instrument in the nature of a promissory note for $1,000, bearing date January 23, 1882, made by Eliza W. Brown, the defendant's testatrix, to the plaintiff, payable on or before one year after the death of the maker, with interest.    The instrument, upon its face, states that its consideration was services rendered by the plaintiff to the deceased since the year 1864 to date, and to be rendered from that time until the death of the maker, whenever that event should occur.    The maker died in January, 1890, leaving a will, in which the defendant, then and ever since a resident of Chicago, was named as executrix. The defendant accepted the trust, duly qualified and proceeded to administer the estate by advertising for claims under the order of the surrogate of Otsego county, where the testatrix resided at the time of her death, and who had jurisdiction in the case.

The notice specified a time and place within that county for the presentation of all claims against the estate of the deceased. The plaintiff presented her claim, and it was rejected on the 25th of January, 1891, and notice of its rejection given to her, and, as no stipulation to refer it was made, this action was commenced by procuring an order for the publication of the summons, December 14, 1891, which was followed by service of the summons upon the defendant in Chicago, January 9, 1892.    The defendant appeared and answered, interposing various defenses, and, among them, payment and the short Statute of Limitations.

It appeared upon the trial that the deceased, on the 2d of October, 1886, purchased a house, for which she paid $1,600, and on the same day conveyed it to the plaintiff for the nominal consideration of one dollar, the grantee giving back to the deceased a contract securing to her the control of the premises during her life, with the right to the rents and profits. The principal question litigated at the trial was whether this house was conveyed to the plaintiff in payment and satisfaction of the claim or as an independent gift or additional reward for her care of the deceased during the long period when such

relations existed between the parties. The evidence on this point was conflicting, and the learned trial court submitted the question to the jury and a verdict was found for the plaintiff. It will be seen by the dates above given that this action was not commenced within six months from the rejection of the claim, and as the defendant was, during all the time, a non-resident of the state, the application of the short Statute of Limitations to the case was a pure question of law, which the courts below have decided against the defendant's contention.

That is now the only question presented by the appeal, as the other defense has been determined against the defendant under such a state of facts as precludes a review in this court. By § 1822 of the Code, an action upon a disputed claim against the estate of a deceased person must be commenced within six months after its rejection by the executor or administrator, unless it is referred under the statute, or in default thereof the claim is barred. But by § 401, if the defendant, when a cause of action accrues against him, is without the state, the action may be commenced within the time limited therefor after his return into the state. If this section applies to this case, of course it is a complete answer to the defense of the short Statute of Limitations. But the learned counsel for the defendant insists that this section has no application to the case, and it must be admitted that the letter of the law at least seems to support the contention. In chapter four of the Code, containing over fifty sections, the various periods of limitation applicable to the several classes of actions therein specified are to be found, and section 401 is one of the provisions of that chapter. Section 414, the last of the chapter but one, defines the application of the various preceding provisions contained in it, and reads as follows:

" The provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action, or special proceeding, except in one of the following cases :

" 1. A case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the

written contract of the parties." The other subdivisions of the section are not material to the question under discussion. It cannot well be denied that the six months Statute of Limitations found in § 1822 is "a case where a different limitation is specially prescribed by law," and as to such cases, by the strict language of § 414, the exception as to non-residence, found in § 401, would seem to have no application.

This result would, doubtless, follow from a literal reading of the section, but we think that such was not the intention of the legislature. It is a familiar rule that a construction of a statute is to be avoided which is liable to produce a public mischief or to promote injustice. Language, however strong, must yield to what appears to be the intention, and that is to be found, not in the words of the particular section alone, but by comparing it with other parts or provisions of the general scheme of which it is a part.

The argument for the defendant is in substance that all the provisions of chapter four are inapplicable to those special limitations not contained therein, but prescribed by numerous other statutes, and, unless this proposition can be sustained, the contention with respect to section 401 must fail. It will aid very materially in the solution of the question to ascertain what is meant by the expression, "rules of limitation," used in section 414. Do these words refer to all the provisions of the chapter as such rules, or do they refer only to those periods of time within which the various classes of actions specified therein are to be commenced? We think they refer to the latter and not to the former; and, if this be so, it follows that there are certain provisions found in the chapter which apply, not only to the general limitations therein prescribed, but to all other limitations to be found in other statutes, and, consequently, to those "specially prescribed by law."

A careful examination of all the sections contained in the chapter will, I think, make this statement reasonably clear. In the first title of the chapter will be found several sections defining possession and adverse possession of land and the manner in which the same is affected, enlarged and limited by

the relation of landlord and tenant and otherwise. In a broad sense, these sections do not deal with "rules of limitation," but with principles for their application to all actions concerning real estate, and are not necessarily to be confined to the actions specified in the chapter. In the two following titles the effect of a partial payment of principal or interest and of a new promise to pay is defined, and exceptions are made in cases of death, infancy, absence from the state and also in cases where a person is disabled from suing in the courts of the state by reason of either party being an alien citizen or subject of a country at war with the United States. Other provisions relate to the method of computing time, and, still others, to cases of counterclaim, where the action is dismissed or discontinued or abates in consequence of plaintiff's death, or where a former judgment has been reversed without granting a new trial or the commencement of the action stayed by injunction, or where a submission to arbitration has been revoked. The provisions of the chapter with respect to these cases, or some of them, at least, must be applicable to every statute of limitation, general or special. The same result would follow in the application of the two sections which define what constitutes the commencement of an action or an attempt to commence an action in order to avoid the bar of the statute. But, perhaps, the idea which I have endeavored to develop will be best illustrated by reference to the section which just precedes section 414. That section provides that the objection that the action was not commenced in time must be taken by answer. Certainly, this provision must be of general application, and not limited to the cases prescribed by the chapter in which it is found. It is not a rule of limitation, but a rule of pleading which the learned counsel for the defendant has himself carefully observed in this case. It is, therefore, quite clear that chapter four contains many general provisions which may be applicable to cases where a special limitation is prescribed by law, and are not to be limited in their scope and effect to those actions specified in the chapter, and that the exception in section 401

in favor of a party who is absent from the state is one of them. Those general provisions are not embraced in the expression "rules of limitation" found in section 414, but these words refer only to the periods of time designated in the chapter for the commencement of certain actions.

This view is reinforced by some other considerations. The very subdivision of that section now under consideration would seem to except from the operation of the chapter a case where "a shorter limitation is prescribed by the written contract of the parties." This permits the parties themselves to agree upon a shorter statute, but in such a case what reason is there for supposing that the general provisions of chapter four to which I have referred would not apply? Indeed, it is scarcely possible to suppose that any other rule could have been contemplated by the framers of the statute since to exclude these general provisions from the operation and application of a short limitation fixed by the contract of the parties would in many cases work the grossest injustice.

There is a large class of actions and proceedings mostly founded upon some statute and not specified in chapter four to which special limitations apply. I will not now stop to enumerate them, but it will be found on examination that in many of them the limitation, if applied without reference to the general provisions referred to, would work such hardship and injustice that it is reasonably certain that such a result was never within the contemplation of the legislature. It is difficult to conceive how any special limitation applicable to any class of actions can be administered without producing great injustice unless the courts are at liberty to apply to such cases, when necessary, at least some of the general provisions mentioned and which are necessary to a just application of all such statutes.

The learned counsel for the defendant suggests that to hold that the defendant's absence from the state operated to enlarge the time for bringing the action would enable the executor or administrator of a deceased person, residing in another state, to delay the settlement of the estate indefinitely. We do not

think that such a result must necessarily follow. The powers of the surrogate are ample to compel an accounting and to enforce the performance of the duties which the personal representative of the deceased owes to the creditors. It may be quite true, as urged, that the plaintiff could have commenced this action within the six months so as to avoid any question with respect to the bar of the statute, but that consideration is not now pertinent to the inquiry. The question is not what the plaintiff might or could have done, but what she was obliged to do in order to save her rights. The absence of the defendant from the state operated to enlarge the time for the commencement of the action, under the general provisions of chapter four, which apply to this case, and hence the claim was not barred.

The judgment must, therefore, be affirmed.

All concur.

Judgment affirmed. _____