JOHN B. HAMILTON, as Administrator of JAMES J. QUINN, Deceased, Appellant, *v.* THE ROYAL INSURANCE COMPANY of Liverpool, England, Respondent.

LIMITATION OF ACTION — APPLICATION OF § 399, CODE CIV. PRO., TO LIMITATION IN STANDARD FIRE INSURANCE POLICY. Section 399 of the Code of Civil Procedure, which provides that an attempt to commence an action in a court of record is equivalent to the commencement of it, within each provision of that act, which limits the time for commencing an action, when the summons is delivered to the sheriff of the proper

county, with the intent that it shall be actually served, applies to the limitation prescribed by the New York standard fire insurance policy, that "no suit or action on this policy, for the recovery of any claim, shall be maintainable in any court of law or equity, unless commenced within twelve months next after the fire."

*Quinn* v. *Royal Ins. Co.*, 81 Hun, 207, reversed.

(Argued May 9, 1898; decided June 7, 1898.)

APPEAL from a judgment of the Supreme Court, entered October 20, 1894, upon an order of the late General Term in the fifth judicial department, overruling plaintiff's exceptions, ordered to be heard in the first instance at General Term, denying his motion for a new trial, and directing judgment in favor of defendant upon a nonsuit granted on trial at Circuit.

This action was upon a policy of insurance by which the defendant insured James J. Quinn against loss and damage by fire to certain personal property contained in his dwelling house in the village of Charlotte, N. Y.

The policy was a standard fire insurance policy of the state of New York, and contained the following clause: "No suit or action on this policy, for the recovery of any claim, shall be maintainable in any court of law or equity * * * unless commenced within twelve months next after the fire."

The fire occurred on the sixteenth of January, 1892. On the fourteenth day of January, 1893, the plaintiff's intestate sent the summons in this action to the sheriff of Albany county by mail with directions to serve it upon the superintendent of insurance. The summons was received in time, but the superintendent was not then in Albany, and the sheriff, being in doubt as to the validity of a service upon a deputy or clerk, postponed its service until his return which was on the seventeenth day of that month. On that day, the summons was personally served. This constituted the only service of the summons in the action. That it was a sufficient commencement of the action, if made in time, is not denied. The defendant interposed as a defense to the action that it was not commenced within the time limited by the provisions of the policy.

On the trial the complaint was dismissed upon that ground, and a motion for a new trial was directed to be heard in the first instance at a General Term. That court overruled the plaintiff's exceptions, denied his motion for a new trial, and directed judgment for the defendant dismissing the complaint, with costs. It is from that judgment that this appeal is taken.

*II. G. Pierce* for appellant. The insured was bound by contract to commence an action within twelve months next after the fire, as a condition precedent to the right to recover. Where obstacles have existed the courts require a reasonable effort to remove them, and it is an excuse for non-performance, where the act to be done could not by any reasonable means have been accomplished, and this too, irrespective of any act or omission on the part of the other party to the contract. (*Matthews* v. *Am. C. Ins. Co.*, 154 N. Y. 463; 137 N. Y. 610.) So far as the commencement of the action is concerned, there is no difference between a limitation imposed by the terms of the contract and one imposed by the Statute of Limitations. (*Hayden* v. *Pierce*, 144 N. Y. 512; *Phœnix F. & M. Ins. Co.* v. *Hall*, 12 Mich. 202; Wood on Lim. [2d ed.] 88.)

*William N. Cogswell* for respondent. The receipt by the sheriff of the summons, with instructions to serve it upon the superintendent of insurance, was not a commencement of the action. (Code Civ. Pro. §§ 399, 416; *Procka* v. *McCormick*, 56 Iowa, 318; *McElroy* v. *Continental Ins. Co.*, 48 Kans. 200; *Wilson* v. *Ætna Ins. Co.*, 27 Vt. 99; *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 386; *Wilkinson* v. *First National F. Ins. Co.*, 72 N. Y. 499.) The plaintiff has shown no valid, legal reason which excused him from the imposition of the limitation imposed by the contract which he has attempted to enforce, or which will estop in any way the defendant from insisting upon that provision of the contract. (*Matthews* v. *Am. C. Ins. Co.*, 154 N. Y. 458.) The provision in the Insurance Law relative to the

42

manner in which foreign corporations may be served with process is not exclusive even where a written appointment has been made with the superintendent of insurance as its attorney. Any other legal method of service upon it is good. (*Howard* v. *Prudential Ins. Co.*, 1 App. Div. 135 ; Code Civ. Pro. § 432.)

MARTIN, J. The only question involved in this case is whether section 399 of the Code of Civil Procedure applies to the limitation contained in the policy in suit. The section in substance provides that an attempt to commence an action in a court of record is equivalent to the commencement of it, within each provision of chapter four of that act, which limits the time for commencing an action, when the summons is delivered to the sheriff of the proper county, with the intent that it shall be actually served. That the summons in this case was so delivered within twelve months after the fire is expressly admitted. The sole claim of the respondent is, that the provisions of section 399 have no application to the contractual limitation of the parties, and, hence, that the claim was barred when the summons was served.

To a better understanding of this question, it is perhaps well to consider to some extent the rules relating to the limitation of civil actions, how created, and upon what they are based. No rule limiting the time within which actions *ex contractu* might be brought existed at common law, but the limitation of actions is a creation of statute. (*People* v. *Gilbert*, 18 Johns. 227 ; *Wilcox* v. *Fitch*, 20 Johns. 472.) The English statute (21 James I) not only superseded the earlier statutes of that jurisdiction upon the subject, but formed the basis of similar statutes in many of the United States, and its leading provisions have been, to a greater or less extent, incorporated into the statutes of all. The present Statute of Limitations in this state, in most of its features, follows the English statute, not only as to the rules and periods of limitation, but in its general and special provisions relating to the subject.

When the present statute was adopted, the right of parties

to make a contract which reasonably limited the time within which an action upon it should be commenced had been established by the decisions of this court. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y. 253 ; *Roach* v. *N. Y. & Erie Ins. Co.*, 30 N. Y. 546.) Presumptively, with that fact in view, the legislature enacted chapter four of the Code of Civil Procedure. That statute was obviously intended to embrace the entire law upon the subject of the limitation of actions, including the manner of its application, the exceptions to its effect in special cases and the procedure for its enforcement.

That such was its purpose is evinced by the nature of its provisions, which fully and completely cover those subjects. It contains provisions which are made specially applicable where a party is an infant, insane or imprisoned, in case of death, or the absence of the defendant from the state, where either party is an alien, where a former judgment has been reversed, where the action has been stayed or the party enjoined, where it is for misconduct by an agent, where several disabilities exist, where a demand is necessary before suit, where an arbitration has been entered into and revoked, and where an action is discontinued after answer. It also defines what constitutes adverse possession, declares when a cause of action accrues on a current account, when disabilities must exist to be effective, what acknowledgment or new promise is necessary to relieve from its operation, its effect upon a counterclaim, when an action shall be deemed commenced, the effect of an attempt to commence an action, and how the statute is to be made available.

These general provisions constitute essential and important elements of the statute. In their absence, its enforcement in many cases would be difficult or impossible, and in others would produce inequity and grave injustice. That they were intended to apply to all the limitations created by that statute, there can be no doubt, and no good reason is perceived why they should not apply to limitations created by special statute, or the written contract of the parties. If they are necessary to modify or effectuate one class, they are equally so as to

others. It is said, however, that the statute does not in express terms make them applicable to limitations created by special statute or written contract. While that is true it is also true that the statute does not provide that they shall not apply.

To sustain the decision of the court below, great reliance is placed upon section 414 of the Code, which declares that the provisions of chapter four constitute the only rule of limitation applicable to a civil action, except in a case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties. It is to be observed that the provisions of that section refer only to *rules of limitation* contained in that chapter, and do not attempt to deal with any other subject. Obviously the phrase " rules of limitation " was not intended to include or affect the general provisions of that chapter to which we have adverted but refers only to periods of limitation. That section does not exempt limitations which are specially prescribed by law, or by the written contract of the parties, from the operation of any of the provisions of chapter four, except so far as they establish different periods of limitation. Indeed, this court has distinctly held that section 414 does not exempt limitations specially prescribed by law from any of the provisions of chapter four, except those which establish different periods of limitation. (*Hayden* v. *Pierce*, 144 N. Y. 512, 518; *Titus* v. *Poole*, 145 N. Y. 414.)

In the *Hayden* case this court decided that the words " rules of limitation " did not refer to the other provisions of chapter four, but only to those fixing periods of time within which the various classes of actions specified are to be brought. In the *Titus* case it again held that the words " rules of limitation " referred to the specific periods prescribed in titles one and two of chapter four for the bringing of actions, and did not restrict the application of the general provisions of the act to the limitations of the general statute. In each of the cases cited a question arose in regard to a limitation specially prescribed by law. In one case it was held that the general pro-

visions of section 401 were applicable to such special limitations, as well as to the limitations established by chapter four, and in the other it was held that section 405 had a similar application.

The principle upon which the decisions in those cases rest has an important, if not a controlling, bearing upon the question under consideration. If, as this court there held, limitations specially prescribed by law fall within, and are governed by, the general provisions of chapter four, it is difficult to perceive any good reason why they do not equally apply to limitations prescribed by the written contract of the parties. The language of that section clearly shows an intent to place limitations specially prescribed by law and those prescribed by the contract of the parties in the same category, and to make them subject to the same rules. The view that these provisions apply to limitations prescribed by contract, as well as to a limitation specially prescribed by law, was clearly expressed in the opinion of this court in *Hayden* v. *Pierce*. In that case Judge O'BRIEN, after referring to many of the general provisions of the statute to which we have adverted, and after declaring that they were not embraced in the term, "rules of limitation," said : "The very subdivision of that section (Sub. 1, § 414) now under consideration would seem to except from the operation of the chapter a case where ' a shorter limitation is prescribed by the written contract of the parties.' This permits the parties themselves to agree upon a shorter statute, but in such a case what reason is there for supposing that the general provisions of chapter four to which I have referred would not apply ? Indeed, it is scarcely possible to suppose that any other rule could have been contemplated by the framers of the statute since to exclude these general provisions from the operation and application of a short limitation fixed by the contract of the parties would in many cases work the grossest injustice. * * * It is difficult to conceive how any special limitation applicable to any class of actions can be administered without producing great injustice unless the courts are at liberty to apply to such cases,

when necessary, at least some of the general provisions mentioned and which are necessary to a just application of all such statutes." The views expressed in that case were expressly approved in *Titus* v. *Poole*, where ANDREWS, Ch. J., said: "We had occasion recently to decide a very similar question in the case of *Hayden* v. *Pierce*, and the reasoning in the careful opinion in that case is applicable to this case." Although it must be admitted that the precise question under consideration did not arise in either of the cases cited, still they involved the principle under discussion, and also plainly show that the opinion of this court was that the general provisions of chapter four apply as well to limitations prescribed by the written contract of the parties, as to those where a different limitation is specially prescribed by law. The reasoning which shows the necessity for their application in one class of cases, is equally applicable to the other, and the same rule should be applied in each.

It is obvious that, by section 414, the legislature intended to and did recognize the right of parties, by their written contract, to prescribe a shorter limitation for its enforcement than that contained in the general limitations of the Code. It is equally clear that it intended to make the limitations prescribed by special statute, or by the contract of the parties, a part of the general law controlling the limitation of actions, and to make all the rules of limitation recognized by that act subject to the general provisions of chapter four. Any other rule would result in unsettling the law, and in many cases would work the greatest injustice. If those general provisions are not applicable to such a case, then we have a plain and definite system of law which governs one class of limitations, but no law or procedure whatsoever applicable to the other classes.

The language of section 399 is sufficiently broad to include the limitation in this case, as it declares that its provisions are applicable to each provision of the act which limits the time for commencing an action. When that section provides that a summons delivered to the sheriff of the proper county to be served is equivalent to the commencement of an action within

the provisions of the act, it must have been intended to include limitations by contract, as that is one of its provisions limiting the time within which an action may be begun. Who, reading that statute, which plainly recognizes a limitation by contract, would for a moment suppose that the delivery of a summons to the sheriff of the proper county with the intent that it should be actually served, was not a commencement of the action in such a case? If it was not the purpose of this statute that it should apply to such a case, then its effect is to create a snare to the unwary party and practitioner.

If the contention of the respondent is correct, it is apparent that infancy, insanity, imprisonment, alienage, death or absence of a defendant from the state does not suspend or affect the limitation in such a case. Nor does the fact that a former judgment has been reversed or that the plaintiff has been enjoined, or the action stayed, or any other disability extend the time within which the action must be commenced. If the general provisions of this statute are not applicable, we are led to inquire how is the limitation to be made available? Must it be pleaded or is it a defense without? What is the mode of computing the periods of limitation? When shall the action be deemed commenced? What acknowledgment or new promise is necessary to relieve from the limitation? If these provisions do not apply to a limitation by contract, then it necessarily follows that there is no law applicable to such a limitation or to regulate the procedure for its enforcement.

When the parties entered into this agreement they must have considered it in the light of the general provisions of the existing law relating to the subject. It must be presumed that the parties knew the law and intended to make their contract in pursuance of it, and that those general provisions were understood and considered by them when the policy was issued. Indeed, it would be unreasonable to suppose that when they provided for a shorter limitation it was not intended to be controlled and governed by the general provisions of law relating to the subject, which were not in conflict with

their agreement, especially when they are necessary to an orderly and uniform enforcement of the law.

There is another ground that requires a reversal if the decisions of the court in the *Hayden* and *Titus* cases are followed. The policy in this case was a standard fire insurance policy of the state of New York, and was issued under and in pursuance of a statute, which declares : " No fire insurance company, corporation or association, their officers or agents, shall make, issue, use or deliver for use, any fire insurance policy, or a renewal of any fire policy, on property in this state other than such as shall conform in all particulars as to · blanks, size of type, context, provisions, agreements and conditions with the printed form of contract or policy filed in the office of the secretary of state, as provided for in the first section of this act, and no other or different provision, agreement, condition or clause shall in any manner be made a part of said contract or policy, or be indorsed thereon or delivered therewith." (L. 1886, ch. 488, § 2 ; L. 1892, ch. 690, § 121.) The only policy the defendant had a right to issue was that authorized by that statute, and the policy in suit contained only such provisions, agreements and conditions as were specially authorized and required by it. The provision limiting the time within which an action thereon should be commenced to the period of one year, was inserted in obedience to the statute. If it had not been contained in the form filed in the office of the secretary of state, its insertion in the policy would have been illegal. (L. 1886, ch. 488, § 3 ; Penal Code, § 577d.) Therefore, it is manifest that the statute specially prescribes the limitation of time within which an action upon a fire insurance policy upon property in this state shall be commenced. The claim that the limitation in this case was by contract, can hardly be sustained. It is true it was inserted in the policy, and was in the form of a contract. It was not, however, made a part of the policy by virtue of any agreement of the parties, but by the command of the statute. The parties had no volition in the matter. They could have provided no different period of

limitation. The law establishes the period of limitation, and forbids the parties from disregarding it. The law as effectually established the period of limitation as if it had declared in express terms that the limitation of time for the commencement of an action upon a fire insurance policy should be the period of one year. Practically, then, the limitation in this case was specially prescribed by law, and, hence, falls directly within the principle of the decisions of this court in the *Hayden* and *Titus* cases. Therefore, the conclusion that section 399 is applicable to and governs this case, and that the summons was served in time and the action properly commenced, should be sustained both upon principle and authority.

But it is claimed that the case of *Wilkinson* v. *First Nat. F. Ins. Co.* (72 N. Y. 499) is adverse to this conclusion. It is true that in that case it was said that the provisions of the old Code, saving the rights of parties under the Statute of Limitations when they were stayed by injunction, applied only to cases governed by the general Statute of Limitations, and had no application to a limitation prescribed by contract. When, however, that case is examined, it will be found that, although the question was considerably discussed, its determination was unnecessary to the decision, as it was there expressly held that the injunction did not restrain the bringing of an action upon the policy. Of course, if there was no injunction restraining an action upon the policy, then the provision of the Code that, where the commencement of an action had been stayed by injunction, the time of the continuance of the stay was not a part of the time limited for the commencement of the action, had no application whatever. In other words, the case did not fall within the provisions of the statute, and there was no occasion to determine whether that section applied to all limitations, or only to those created by the general statute. While that case was well decided, it is not a controlling authority upon the question involved in the case at bar. Moreover, the question in that case arose before the adoption of the present Code. By the latter, as we have already shown, the limitation by contract was made a part of the general plan or scheme of

43

the law relating to the limitation of actions, and thus brought within the general provisions of that statute. That such is the view of this court is evinced by the decisions to which we have already referred, and as the learned chief judge, who wrote the opinion in the *Wilkinson* case, expressly approved of the opinion in the *Hayden* case, when writing in *Titus* v. *Poole*, it is evident that he, too, was of the opinion that the views expressed in the *Wilkinson* case did not apply in view of the provisions of the Code of Civil Procedure.

Nor do we regard the decision in *Hill* v. *Supervisors* (119 N. Y. 344) as adverse to or in conflict with the conclusion we have reached. In that case the right sought to be enforced was a special right for which a special remedy was given and a special limitation provided, and, under the well-settled principle that where a new right is given, or a new power conferred by statute, and the means of executing it are granted, it can be executed in no other way than as provided by the statute, it was held that the limitation was so incorporated with the remedy as to become a part of it, and constituted a condition precedent to the maintenance of the action  It is doubtless true that where time is the essence of the right created, and a limitation as to the time of its enforcement is a part of the statute under which the right arises, so that there is no right of action independent of the limitation, the limitation extinguishes the right rather than affects the remedy, and such contracts are not subject to the exemptions contained in the Statute of Limitations. It was upon that principle that the *Hill* case was decided, and it has no application to the case at bar.

Cases which have arisen in other jurisdictions have been cited by the parties as sustaining their respective claims, but, as they are not controlling in this case, we have deemed it unnecessary to examine or review them. We are of the opinion that section 399 is applicable to the limitation contained in the policy in suit; that the courts below were in error in holding otherwise, and that for that error the judgments in both courts should be reversed.

The judgments of the General and Special Terms should be reversed and a new trial granted, with costs to abide the event.

VANN, J. (dissenting). I cannot unite in the judgment about to be pronounced, because it impresses me as in the nature of legislation rather than adjudication. For time out of mind we have had a Statute of Limitations which does not create any cause of action, but virtually destroys all causes of action, after the lapse of certain periods, by perpetually suspending the remedy. Our present statute, the result of many years of thoughtful legislation, is so elaborate and comprehensive that it is presumed to express the entire views of the legislature upon the subject and to leave little, if anything, to implication. If the limitation of the time of enforcing a civil remedy were part of the common law, a simple modification by statute would leave the common law in force in all other respects. As, however, the subject is wholly governed by statute, except as it may be controlled, to some extent, by the express contract of the parties, we must depend wholly upon the statute where there is no limitation by contract, and wholly upon the contract when one has been made. If the legislature had provided that the statute should apply in all respects, except as modified by contract, it would be necessary to examine both statute and contract in order to pass upon the rights of the parties, but it has not done so. On the other hand it has enacted that the provisions of the statute " apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: 1. A case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties." The other exceptions are not now important. The subject of contractual limitation is mentioned only to except it from the operation of the statute. Thus, in framing an act upon an important subject, aided by centuries of legislation and thousands of judicial decisions relating to that subject, the legislature had contractual limi-

tations in mind, yet its only command in relation thereto excepted such limitations from the provisions of the statute.

It is said, however, that the exception refers only to rules of limitation in the strict sense of the term, but not to the general provisions of the chapter. I do not so read the statute. The general provisions simply limit the rules of limitation by preventing their application under certain circumstances, and, hence, are as much a part of the rule as anything else. The command of the statute is, in substance, that actions must be commenced within certain periods, except in certain cases, when they need not be commenced within those periods. Clearly the exception is part of the rule, for it must be read in order to know where the rule ends and to what it applies. Nothing actually decided in *Hayden* v. *Pierce* (144 N. Y. 512) or in *Titus* v. *Poole* (145 id. 414) is in conflict with these views, for in both of those cases different sections of the same statute were read and construed together, while here the attempt is made to read and construe a contract in connection with a statute which exempts all such contracts from its operation. The question under consideration did not arise in and is not controlled by either of those cases. (*Colonial City Traction Co.* v. *Kingston City R. R. Co.*, 154 N. Y. 493, 495.) Even if the statutory exception were ignored, it is only by implication that the general provisions of the Statute of Limitations can be made to apply to a limitation by contract. The only foundation for the implication is that the statute would be more useful and would work less injustice if it were made applicable to contractual limitations, and, hence, it is claimed that the legislature so intended. When a statute is not framed with minute particularity as to the details of its practical application, but is expressed in general terms, minor directions, involved in the general terms, will be filled in by implication to the extent necessary to give the law an effective operation. The doctrine, however, does not permit courts to supply that which was intentionally omitted from the act, or to go outside of its necessary incidents or logical consequences. In order to

extend a statute by implication, the probability that the legislature intended that result must be so strong that an intention to the contrary would be unreasonable in view of the language used and the object of the act. (Sutherland on Statutory Construction, § 336; Black on Interpretation of Laws, 64, 69.) Applying these principles, which are elementary, to the case in hand, we have a statute, quite elaborate in its details, covering the subject of limitations by law with the subject of limitations by contract mentioned only by way of exception. Here there is no reason for the application of the doctrine of implication, for the legislature is presumed to have intended that the general provisions of the act should apply to the rules of limitation provided by the act and not to those provided by contract, because with the subject in mind, it applied those provisions to the former, and did not apply them to the latter. By including the one it excluded the other. Under these circumstances I think the subject is for the legislature and not for the courts, and that, as we once declared, a general provision of the statute has "no application where a limitation is prescribed by the contract of parties, but only applies to cases governed by the limitation in the general law." ( *Wilkinson* v. *First National Fire Ins. Co.*, 72 N. Y. 499, 504.)

For these reasons I record my vote in favor of affirmance.

PARKER, Ch. J., O'BRIEN and BARTLETT, JJ., concur with MARTIN, J., for reversal.

GRAY, J., concurs with VANN, J., for affirmance.

HAIGHT, J., not sitting.

Judgments reversed, etc.