Surrogate's Court, Madison County, February, 1911.     [Vol. 71.

also allege facts showing the doubtful character of the claim in order to justify the dismissal of the petition. Hurlburt v. Durant, 88 N. Y. 121; Matter of Macaulay, 94 id. 574. But, when an answer has been interposed formally complying with these requirements and showing that the claim is in fact doubtful, the surrogate has no jurisdiction to determine its validity or decree its payment. Matter of Callahan, 152 N. Y. 320; Holly v. Gibbons, 176 id. 520.

When the right of the claimant is denied by the representative of the estate, the surrogate has no authority or jurisdiction to hear or decide the issue thus raised, and the petitioner is remitted to another proceeding or tribunal to establish and enforce his rights. Bevan v. Cooper, 72 N. Y. 329; Briggs v. Cragg, 89 id. 479; Fiester v. Shepard, 92 id. 251; Charlick's Estate, 11 Abb. N. C. 56; Mumford v. Coddington, 1 Dem. 27; Smith v. Murray, 6 id. 34; Matter of McClouth, 1 Gibbons, 122.

A decree will be made and entered herein dismissing the petition without prejudice to an action or an accounting in behalf of the petitioner.

Decreed accordingly.

---

In the Matter of the Final Judicial Settlement of the Accounts of ANSON C. BROOKS, as the Executor of the Estate of CYRUS BEEBE, Deceased.

(Surrogate's Court, Madison County, February, 1911.)

Executors and administrators — Debts and liabilities of the estate — Exhibition, establishment, allowance and enforcement of claims — Statutes of non-claim or short statutes of limitation of claims — Application of statutes — Effect of infancy.

An infant who fails to offer to refer her duly presented claim against a decedent's estate for services as a domestic or to bring an action thereon within six months after its rejection by the executor is not barred by the provisions of section 1822 of the Code of Civil Procedure from any further remedy to present or collect said claim.

In such case, the infant, through her special guardian, when appointed, has a right to present her claim to the executor; and,

Misc.]    Surrogate's Court, Madison County, February, 1911.

in the event of its rejection, the special guardian is entitled to take any remedy in the Surrogate's Court that an adult could take to establish the claim and enforce its collection.

PROCEEDING for the judicial settlement of the accounts of an executor.

E. W. Cushman, for executor and petitioner.

W. E. Lounsbury, special guardian for Beulah E. Melvin, attorney in person.

KILEY, S. I cannot find that the question here under consideration has ever been passed upon by the courts of this State. In order to understand the circumstances, there is required a brief history of the proceeding which is as follows:

On the 6th day of July, 1908, Cyrus Beebe died in the town of Hamilton, in this county, leaving a last will and testament which was duly admitted to probate and in and by which Anson C. Brooks was named as executor, who duly qualified, entered upon the discharge of his duties, is now, and ever since has been, acting as such executor. The will gave all of decedent's property to his wife, Maria Beebe.

The widow, Maria Beebe, subsequently died, leaving a last will and testament which contains the following provision:

" *Ninth.* I give and bequeath unto Bulah Melvin, daughter of Frank Melvin, Six Hundred Dollars, which sum is bequeathed with the understanding that it is to pay her for services in full, from the time she come to work for us until my decease. And in case the said Bulah Melvin, or her representatives, shall ever sue, or in any way try to recover any sum for her services from my husband, or from my estate, then this bequest shall be void."

The Bulah Melvin mentioned in the foregoing clause of Maria Beebe's will is the Beulah E. Melvin mentioned in these proceedings. On August 2, 1909, the executor presented a petition for the final settlement of his accounts, returnable September 6, 1909, in and by which it appears

that he cites Beulah E. Melvin as claimant against the estate of Cyrus Beebe, deceased. On the return day of said citation, it developed that Beulah E. Melvin had presented a claim against the Cyrus Beebe estate for $1,000, crediting thereon the $600 mentioned in the legacy given her by the will of Maria Beebe, deceased; but that the claim had been rejected and that no further steps were taken by the said Beulah E. Melvin to enforce its collection or to comply with the statutes with reference thereto. The executor urges that, having failed to offer to refer the claim or bring an action on it within six months after its rejection by him, under section 1822 of the Code of Civil Procedure, which is a short Statute of Limitations, she is barred from any further remedy to present or collect the same. The said Beulah E. Melvin, at the time of the presentment of the claim and its rejection, was an infant under the age of twenty-one years and is still an infant; she has no general guardian; and it is conceded that no further steps were taken for the enforcement of the claim after the rejection of it as aforesaid by the executor. The claim arose, according to the argument of the special guardian made on the return day of the citation, which was the time of his appointment, as follows:

Mr. and Mrs. Beebe were old people and it appears that they agreed with the infant, and with her father, that, if she would come and live with them until the survivor of them passed away, Mr. Beebe would give her $1,000 to be paid her at the time of the decease of the survivor of them, and as much more as he chose to give her.

It was further claimed that there was evidence in existence that would substantiate this claim.

In order that the court might be advised as to whether this infant had rights beyond what appeared upon the argument, and whether there was evidence to protect those rights, a referee was appointed, upon the consent of all parties present, to take such evidence as might be had of the validity and existence of such a claim leaving the question as to whether she is barred by the provisions of section 1822 of the Code of Civil Procedure to be decided on the coming in of the report of the referee.

It will be noticed that paragraph nine of the will of Maria Beebe undertakes to pay whatever was due this infant from her husband with this legacy in her will; and she provides that, if the said infant or her representatives shall in any way try to recover any sum for her services from her husband's estate, the bequests in her, Maria Beebe's, will, shall be void. It, therefore, seems that, when the settlement of the estate of Maria Beebe, deceased, comes before this court, the executor of her will, who is the same executor accounting here, may then raise, and be bound to raise, the question whether by filing the claim against the estate of Cyrus Beebe, the husband, she forfeited her right to such legacy.

The special guardian urges that the Statute of Limitations, as found in chapter 4, title 3, of the Code of Civil Procedure, relieves her from the harsh remedy that would prevail in the case of an adult under section 1822 of the Code of Civil Procedure. The attorney for the petitioner urges that subdivision 1 of section 414 of chapter 4, title 3, of the Code of Civil Procedure exempts from the provisions of that chapter said section 1822, and that said chapter applies only to actions designated therein or arising under circumstances therein provided.

That that rule is not so held, universally, will be seen by an examination of Hayden v. Pierce, 144 N. Y. 512; Wetyen v. Fick, 178 id. 223, and cases where other short statutes have been considered. See Connolly v. Hyams, 176 N. Y. 404.

It is a general proposition of law that this court has no jurisdiction of an infant until a citation has been served upon her. A minor and her appearance in this court are provided for in section 2530 of the Code of Civil Procedure.

An infant may file a petition in Surrogate's Court, but she cannot proceed thereon until a special guardian has been appointed for her, unless she appears by a general guardian. She cannot bring an action to enforce any right she may have without being represented by a guardian appointed or authorized by a court to appear for her. Shall the provision of section 1822 be construed as an exception to the well-

Surrogate's Court, Madison County, February, 1911.   [Vol. 71.

known rule with reference to infants? We think not. We do not think the serving of a rejection upon this infant affected her rights any more than if a summons and complaint had been served upon her and she had not appeared and a judgment had been entered up against her without the appointment of a guardian *ad litem* to take care of her interests. While we do not decide here that the evidence taken by the referee as aforesaid and presented to this court establishes her claim. we do say that, unexplained, *prima facie,* it shows that there was some foundation for the position she has taken. And if she has a valid claim for $1,000 against the estate of Cyrus Beebe, deceased, the court will be far amiss in doing its duty if it permits Maria Beebe, his wife, to pay it with the $600 legacy in her will and compel the claimant, if she refused to accept that, to lose her compensation for the labor she rendered these old people.

It is conceded by the petitioner that the claimant worked for them a year and eleven months and rendered faithful service. I decline to hold that she shall be robbed of even a part of her just compensation for such services by construing section 1822 of the Code of Civil Procedure so that its terms will contravene all other statutes in that regard. There was no waiver of her right to that claim, because, as an infant, she could not do anything that would constitute a waiver.

Let an order be drawn holding that the provisions of this section do not apply to her failure to bring an action after the rejection of this claim; that through her special guardian she has a right to present that claim to the executor and, in the event of its rejection, her special guardian is entitled to take any remedy in this court that an adult could take to prove its validity and enforce its collection, if found valid. After said order is signed and entered, let a copy thereof be served upon the executor-petitioner and upon his attorney, and let said proceedings be then adjourned for seventy days to permit an appeal therefrom, if the executor shall be so advised.

Decreed accordingly.