NEW YORK LIFE INSURANCE COMPANY, Plaintiff, *v.* REBECCA DICKLER, Defendant.

Supreme Court, New York County, December 30, 1929.

*Louis H. Cooke* [*Ferdinand H. Pease* of counsel], for the plaintiff.

*William Klein* [*Jeremiah T. Mahoney* and *Milton R. Weinberger* of counsel], for the defendant.

LEVY, J.  The defendant moves to dismiss the complaint upon the ground that the action was not timely instituted.  The suit is brought by plaintiff, a life insurance company, against the beneficiary named in two policies issued by it to cancel and rescind the same by reason of alleged misrepresentations made by the assured.  The policies bear the date July 29, 1927, and the assured died on January 4, 1928.  Each policy contained a provision that " this policy shall be incontestable after two years from its date of issue except for non-payment of premium."  The summons was not served on the defendant until September 18, 1929, but on July 27, 1929, a copy thereof was delivered to the sheriff of New York county.

The question presented is whether the plaintiff is entitled to the benefits of section 17 of the Civil Practice Act, which provides that an attempt to commence an action is equivalent to the actual commencement " within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually  served, to the sheriff  *  *  *  of the county, in which that defendant *  *  *  resides or last resided," provided that such delivery of the summons be followed within sixty days after the expiration of the time limited for the commencement of the action by service of the summons upon the defendant.

The defendant argues that the provisions of section 17 of the Civil Practice Act do not apply to limitations created by private contract as distinguished from those prescribed by law.  In support of this contention, reference is made to the language of section 10 of the Civil Practice Act to the effect that the provisions of article 2 of the act — dealing with " Limitations of Time "— constitute " the only rules of limitation applicable to a civil action or special proceeding " except where a different limitation is specially prescribed by law " or a shorter limitation is prescribed by the written contract of the parties."  It is definitely settled, however, that section 10 does not exclude contracts fixing special limitations from the scope of the general provisions of article 2, relating to such matters as attempts to commence actions and suspension of the Statute of Limitations during periods of disability.  In Hamilton v. Royal Ins. Co. (156 N. Y. 327) the court held that section 399 of the Code of Civil Procedure — the predecessor of section 17 of the Civil Practice Act — was applicable in the case of limitations fixed by private contracts as well as where the limitations were statutory.  The court discussed the provisions of section 414 of the Code of Civil Procedure — the predecessor of section 10 of the Civil Practice Act — and declared that they were not intended

to deprive contracts fixing special limitations of the benefit of the general provisions of what is now article 2 of the Civil Practice Act. Judge MARTIN, writing the opinion of the court, said (at p. 332): " To sustain the decision of the court below, great reliance is placed upon section 414 of the Code, which declares that the provisions of chapter four constitute the only rule of limitation applicable to a civil action, except in a case where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties. It is to be observed that the provisions of that section refer only to *rules of limitation* contained in that chapter, and do not attempt to deal with any other subject. Obviously the phrase ' rules of limitation ' was not intended to include or affect the general provisions of that chapter to which we have adverted but refers only to periods of limitation. That section does not exempt limitations which are specially prescribed by law, or by the written contract of the parties, from the operation of any of the provisions of chapter four, except so far as they establish different periods of limitation. Indeed, this court has distinctly held that section 414 does not exempt limitations specially prescribed by law from any of the provisions of chapter four, except those which establish different periods of limitation. (*Hayden* v. *Pierce*, 144 N. Y. 512, 518; *Titus* v. *Poole*, 145 N. Y. 414.) "

Nor is the basis of the decision in the *Hamilton* case the fact that the period of limitation contained in the policy there involved had been inserted in obedience to statute. The court's opinion, at pages 333 to 336, indicates that it took the view that the provisions of the predecessor of section 17 of the Civil Practice Act applied equally to cases where the limitation was fixed by statute and those where it was the result of a private contract. Subsequent authorities have cited the *Hamilton* case for the proposition that no distinction is to be drawn in applying the general provisions regarding attempts to commence actions, suspension of the Statute of Limitations during periods of disability, etc., between limitations created by statute and those imposed by private contract. (*Comey* v. *United Surety Co.*, 217 N. Y. 268, 272, 273; *Matter of Selwyn Realty Corporation*, 184 App. Div. 355; affd., 224 N. Y. 559.)

In the *Hamilton* case the action was commenced by the assured on a policy which provided that no suit thereon could be maintained unless commenced within twelve months next after the fire. The defendant urges that such a provision is not at all similar or analogous to the incontestability clause contained in the policies which form the basis of the present action, pointing out that one refers to suits in affirmance of the policy and the other to litigation

seeking avoidance. Although there is, undoubtedly, this difference between the clauses, it seems to me that it is insufficient to form the basis for refusing to apply the principles laid down in the *Hamilton* case to the instant policies. Whether the assured is allowed a specified time within which to enforce the policy, or the company a given period to disaffirm it, the fact remains that, in each instance, the parties have limited the time to commence the action by private contract and, under the reasoning of the *Hamilton* case, are entitled to the benefit of the general provisions of article 2 of the Civil Practice Act.

It is quite true, as pointed out by the defendant, that the Court of Appeals in the *Hamilton* case referred to the fact that the provision of the policy fixing a period of limitation within which to commence action had been inserted in compliance with a statute prescribing the terms and contents of the policy. This, however, furnished at most cumulative support for the court's decision. But even if it be assumed that the *Hamilton* case is to be confined as an authority to a situation where the limitations in a contract have been inserted in obedience to a statutory provision, the defendant's position is no better, since the incontestability clause falls within that very category. The mere circumstance that the incontestability clauses in the policies herein sought to be avoided do not follow the exact language of the amendment to the statute (Laws of 1921, chap. 407) does not alter the fact that the provision giving the insurance company only two years from the issuance of the policy within which to contest it, is the result of mandatory legislation. Indeed, the incontestability clause in the present policies is even more favorable to the assured than the amended statute requires. It provides that the policy shall be incontestable after two years from its date of issue, whereas the statutory provision is that it shall be incontestable after it has been in force for two years *during the lifetime of the assured.*

In concluding, I might observe that I am not unmindful of the recent decision of the Court of Appeals in *Jensen* v. *Metropolitan Life Ins. Co.* (251 N. Y. 336) to which my attention has not been drawn by counsel. In that case the court held that the insurer's right to contest was suspended during the period elapsing between the death of the assured and the issuance of letters testamentary to the personal representative. Judge Hubbs, writing for the Court of Appeals, declared: " Such contest must be commenced, however, within two years, counting the time from the issuing of the policy to the death of the insured, and from the granting of letters to the commencement of the contest." No reference was made in the opinion to section 21 of the Civil Practice Act, which

provides that " The term of one year after such letters are issued is not a part of the time limited for the commencement of such an action." The failure of the court to invoke the provisions of section 21 was undoubtedly due to the fact that the contest in the *Jensen* case was begun not by the institution of an action by the insurer, but by the latter's service of an answer disclaiming liability. (See *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44.) The service of an answer, though it may constitute the commencement of a contest, is not the commencement of an " action," and section 21 of the Civil Practice Act, which deals only with the time limited for the commencement of an action, therefore, does not seem to apply.

For the reasons indicated, it seems to me that the *Hamilton* case is decisive of the present application. Motion denied.