METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* ALFRED DI NOVI and Another, Defendants.

Supreme Court, Kings County, January 12, 1931.

*Grout & Grout* [*Dean Potter* of counsel], for the plaintiff.

*Abraham N. Davis,* guardian *ad litem,* for the defendants.

CROPSEY, J. This action is to cancel an insurance policy on the ground of fraud. The fraud is established. The defendants, through their guardian *ad litem,* contend, however, that plaintiff

may not succeed because the action was not commenced within two years and the policy provides that it is incontestable after that period, and also that the receipt by the plaintiff of premiums after knowledge of the fraud was a waiver of its right to maintain this action.

The policy was upon the life of Alfred Di Novi and was payable to his daughter, Antoinette Di Novi. The insured is now incompetent and his daughter is a minor. The policy is the more or less usual one of life insurance but carries, in addition, a disability provision under which certain sums are paid monthly in certain contingencies. Apparently the contingency has occurred under which the beneficiary would be entitled to the monthly payments. This may have a bearing on the decision of the question as to whether the action was commenced within the two-year period. Concededly the summons was served upon the beneficiary within that time but not upon the insured until some months later. The question is whether the service upon the beneficiary is deemed to be service upon the insured. Section 16 of the Civil Practice Act provides that "An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

Though the section in terms relates only to limitations fixed by the act, both parties are in accord that the provision is applicable to time limitations fixed in policies equally with the statutory limitations, and this seems to be the law. (*Hamilton* v. *Royal Insurance Company*, 156 N. Y. 327; *New York Life Insurance Co.* v. *Dickler*, 135 Misc. 594.) The question, therefore, is whether the insured, not being a joint contractor with the beneficiary, is " otherwise united in interest " with her. This language seems to be given a broad and comprehensive meaning. (See notes, 46 C. J. 1152.) The Court of Appeals has held that one legatee under a will was so united with another legatee as to make service upon the one service upon the other. (*Croker* v. *Williamson*, 208 N. Y. 480.) The court said (p. 484): " Their interests under the will must stand or fall together, and it would seem to be pretty clear that they are, therefore, ' united.' " And again (at p. 485): " If the will confers benefits upon various people the presumption follows that they are interested in maintaining it." In 1 Wait's New York Practice ([3d ed.] p. 88) it is said: " If a judgment * * * will substantially affect the other defendant in a similar manner service upon one will be regarded as service on the other." As this action is to bar payments of benefits under the disability

rider, as well as rights under the main policy, the defendants seem to be united in interest. While the policy permits the insured to change the beneficiary, that could not be done in so far as the right to the disability goes because that contingency has happened, and the rights of the beneficiary thereto have been fixed. The beneficiary is a proper party. (*Equitable Life Assurance Society* v. *Patterson*, 1 Fed. 126.) The case cited by defendants (*Spaulding* v. *Equitable Life Assurance Society*, 22 Wkly. Dig. 18) is not at variance with the above statement. There the endowment policy had matured and by its terms was then payable to the insured and not to the beneficiary.

In *Mutual Life Insurance Company* v. *Hurni Packing Company* (263 U. S. 167) the court (at p. 177) said: " It is true * * * that the contract is with the insured and not with the beneficiary but, nevertheless, it is for the use of the beneficiary and there is no reason to say that the incontestability clause is not meant for his benefit as well as for the benefit of the insured * * * during his lifetime and upon his death immediately inures to the benefit of the beneficiary." It must be held that service upon the beneficiary was service upon the insured under the statute.

It is found as a fact there was no waiver by the plaintiff of the right to maintain this action or to urge fraud. The receipt by the plaintiff of premiums, continuing for a short time after it first had information that a fraud had been perpetrated, did not constitute a waiver. Plaintiff had the right to follow up the information and to investigate what the facts were and it is found as a fact that the plaintiff acted with reasonable dispatch. (See *Travelers Insurance Company* v. *Pomerantz*, 246 N. Y. 63.)

It follows that the plaintiff is entitled to judgment. Settle findings and judgment on notice.