CHARLES V. PATERNO, Plaintiff, *v.* ROBERT J. EAGER, Defendant.*

City Court of New York, Special Term, New York County, February 26, 1943.

*Christopher G. Coleman* for defendant.

*David Greenberg* for plaintiff.

KELLER, J. This is a motion to dismiss the complaint under rule 107, subdivision 6, of the Rules of Civil Practice. It is contended for defendant that the cause of action alleged in the complaint did not accrue within the time limited for its commencement.

---

* Order and judgment reversed and motion denied with memorandum by Appellate Term, 180 Misc. 5⁹⁹.

The action is brought upon a bond secured by a mortgage covering real estate situated in the State of New Jersey. The mortgage was foreclosed under a decree entered in a court of that State, but it appears from the complaint that the foreclosure sale left a deficiency of $2,728.45. By this action it is sought to recover such deficiency.

Chapter 82 of the Laws of 1933 of the State of New Jersey provides: " * * * 2. In all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the said mortgage, and if at the sale of the mortgaged premises under said fore-closure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bonds shall be commenced within three months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit."

The final decree of foreclosure was entered in Bergen County Circuit Court of the State of New Jersey on September 28, 1942. The plaintiff delivered the summons in this action to the Sheriff of New York County, where apparently the defendant resides, on December 26, 1942, and the Sheriff served the summons on defendant on December 29, 1942, so that the summons was placed in the hands of the Sheriff within three months from the date of the foreclosure sale, but was not actually served upon defendant until more than three months after such sale.

The plaintiff contends that the action must be deemed commenced as of the time when the summons was delivered to the Sheriff, and not as of the date when it was actually served. This contention is founded upon section 17 of the Civil Practice Act of the State of New York. That statute provides that: " An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of *this act* which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff * * * of the county, in which that defendant, or one of two or more codefendants who are joint contractors or otherwise united in interest with him, resides or last resided * * *." (Italics supplied.) It is apparent from a reading of section 17 that delivery of the summons to the sheriff is not defined as the

commencement of the action, but merely as an attempt to commence the action, and it is provided that such an attempt to commence an action shall be considered " equivalent to the commencement thereof * * * within the meaning of each provision of this act which limits the time for commencing an action." Certainly section 17 has no reference to any act or law of another State. It would do violence to the language both of section 17 of our Civil Practice Act and of the above-quoted chapter 82 of the Laws of 1933 of New Jersey if the two statutes were to be read together. An action is commenced only when the summons is served upon the defendant (Civ. Prac. Act, § 16), and the exception to that principle of general application found in section 17 is limited by the terms of the latter section. The New Jersey Statute of Limitations in relation to an action upon a mortgage bond is inherent in the cause of action. (Cf. *Matter of Tonkonogoff*, 177 Misc. 1015, and cases there cited at pp. 1023–1025.) It would be an extraordinary thing if the period for bringing such an action differed in different States and if local exceptions to local statutes of limitation were made to apply. In actual fact the service of process constitutes the commencement of the action, and I think it clear that the law of New Jersey requires actual service of process within three months after the foreclosure sale. In *Hamilton* v. *Royal Insurance Co.* (156 N. Y. 327, 335) it was held by a divided court that a limitation in a life insurance policy or agreement entered into in New York will be presumed to have been written " in the light of the general provisions of the existing law relating to the subject." What is now section 17 of the Civil Practice Act was, in that case, made applicable to the period of limitation for commencement of an action prescribed in an insurance contract made in the State of New York. But this reasoning does not hold in the case of a statute of another State.

The motion is granted and the complaint is dismissed on the ground that the cause of action did not accrue within the time limited for its commencement.

Order signed.