■ SALVATORE CANOVA, Respondent, v. COOPERATIVE FIRE INSURANCE COMPANY, OF CATSKILL, Appellant.— Action to recover under a standard fire insurance policy of the State of New York for injury to a building caused by fire. The action was commenced about 10 months after the fire. Appellant answered alleging that respondent is the owner of two buildings and that the policy in suit does not cover the building which was injured. About one year thereafter, respondent moved for leave to serve an amended complaint so as to seek reformation of the policy to provide coverage for both buildings, and to recover on the instrument as thus reformed. The amended complaint alleges that respondent did not comply with the provisions in the policy requiring immediate written notice of the loss nor with the provision requiring proof of loss within 60 days. It further alleges that these two provisions were waived by appellant. The appeal is from the order granting the motion. Order reversed, with $10 costs and disbursments, and motion denied. No facts are alleged from which it could be found that appellant waived policy provisions. As to the provision for immediate written notice of the loss, it is alleged that appellant waived because it did not deliver the policy to respondent at the time it was issued but retained the policy as security for full payment of the premium and delivered a copy of the policy to respondent's mortgagee. As to the provision for proof of loss within 60 days, it is alleged that appellant waived because after respondent had made a demand for appellant's forms of proof of loss (121 days after the fire) appellant delayed in sending such forms

to respondent. These policy provisions are not merely the agreements of the parties but are imposed by statute (Insurance Law, § 168; *Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 327), and they are not wavied on the facts alleged in the amended complaint. It further appears that respondent and his attorney were in possession of the facts, which are now sought to be alleged as a basis for reformation, many months before the original complaint was drawn, and no satisfactory explanation is given for not alleging them in the first pleading. Under all the facts presented by the papers on appeal, the motion for leave to serve the amended complaint should not have been granted. Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, Acting P. J., dissents and votes to affirm, with the following memorandum: Granting leave to serve the amended complaint was a proper exercise of discretion by the Special Term. Appellant was not harmed thereby. It may still plead the Statute of Limitations as a defense. Appellant does not contend on this appeal that the waiver alleged in the complaint with respect to timely notice of loss or timely filing of the proof of loss is insufficient. Whether or not there was a waiver of those policy provisions should be determined at the trial.