(51 Misc. 463; 113 App. Div. 917)

BELLINGER v. GERMAN INS. CO. OF FREEPORT.

(Supreme Court, Appellate Division, Second Department.    June 15, 1906.)

**1. LIMITATION OF ACTIONS—NEW ACTIONS—COMMENCEMENT—TIME.**

Code Civ. Proc. § 405 provides that, where an action is terminated by a judgment entered on a decision of the Appellate Division which reversed a judgment of the lower court without awarding a new trial, if such action was commenced within the time limited therefor, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and with a year after such reversal or termination. It also declares that if the prior action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment on the merits, such new action may be commenced on the same conditions. *Held*, that where plaintiff in former actions against the same defendants for the same cause recovered a judgment, which was reversed and new trials were ordered by the appellate court, the actions were not terminated in any of the modes referred to in such section, and hence plaintiff was entitled to maintain new actions thereunder.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 553–565.]

**2. SAME—STATUTES—APPLICATION.**

The right of the plaintiff to commence a new action after the time limited has expired in case an action was commenced within the time and was terminated in a manner other than by the reversal of a judgment on appeal to the Appellate Division without awarding a new trial, by voluntary discontinuance, dismissal of the complaint for neglect to prosecute, or a final judgment on the merits, as authorized by Code Civ. Proc. § 405, was not abrogated by section 414, declaring that the provisions of the chapter apply and constitute the only rules of limitation applicable to a civil action, except in specified cases, as section 414 deals only with those portions of the title which relate to and prescribe rules of limitation.

**8. INSURANCE—SPECIAL LIMITATIONS.**

A provision in a standard fire policy that no suit or action should be maintainable thereon unless commenced within 12 months next after the fire, which provision was specially authorized by Laws 1886, p. 721, c. 488, §§ 2, 3, and Laws 1892. p. 1980, c. 690, § 121, prescribing a standard form of policy and forbidding the issuance of any other, constituted a limitation "specially prescribed by law," and not by a contract between the parties, within Code Civ. Proc. § 414, declaring that the provisions of the chapter shall constitute the only rules of limitation applicable to a civil action or special proceeding, except in the case where a different limitation is specially prescribed by law or a shorter limitation is prescribed by the written contract of the parties.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1541, 1544–1546.]

**4. SAME—NEW ACTION.**

Code Civ. Proc. § 405, providing that if an action is commenced within the time limited therefor, and the same is terminated except for certain reasons, a new action for the same cause after the expiration of the time so limited may be begun within one year after such termination, applies to a special limitation of actions on a standard fire insurance policy, declaring that no suit shall be brought thereon unless commenced within 12 months next after the fire, as authorized by Laws 1886, p. 721, c. 488, §§ 2, 3, and Laws 1892, p. 1980, c. 690, § 121.

**5. SAME—APPRAISAL—AWARD—ACTIONS—ISSUES AND PROOFS.**

Where, in an action on a fire policy, it appeared that there had been an appraisal, and plaintiff attacked the awards for fraud, but failed to establish the fraud alleged, he was nevertheless entitled to a judgment for the amount of the awards, without costs.

Appeal from Special Term, Orange County.

Action by Charles H. Bellinger against the German Insurance Company of Freeport. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The following is the opinion of Mr. Justice Burr at Special Term in the cases of the plaintiff against said defendant, against the Thuringia Insurance Company of Erfurt, Germany, and against the Nassau Fire Insurance Company of Brooklyn, on which such affirmance is based:

These actions are brought for the "same cause" as the previous actions by the plaintiff against the same defendants, within the meaning of the provisions of the statute. Code Civ. Proc. § 405. The transaction which is at the foundation of both actions is the same, namely, a contract of insurance between the parties and damage to the plaintiff, for which the defendants are liable within the terms of the contract. Titus v. Poole, 145 N. Y. 414, 423, 40 N. E. 228. The present actions are properly brought under the provisions of the section above referred to. That section provides that where an action is terminated by a judgment entered upon a decision of the Appellate Division, which reversed a judgment of the lower court without awarding a new trial, if such action was commenced within the time limited therefor, the plaintiff may commence a new action for the same cause after the expiration of the time so limited, and within one year after such reversal or termination. It also provides that, if the prior action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits, such new action may be commenced upon the same conditions. The former actions, which this plaintiff brought against the defendants, were terminated in neither of these methods. The judgments in favor of the plaintiff in the former actions were reversed, and new trials were ordered by the appellate court. It does not necessarily follow that because of that the plaintiff is deprived of the benefits of the section in question. Inasmuch as the action was not terminated by a judgment entered upon the decision of the Appellate Division, that portion of the section has no application, and if it was not terminated in either of the other methods referred to in the section the plaintiff may avail himself if its provisions. The manifest purpose of the section in question was to permit a party who, through technical error or a mistake in the form of the remedy employed, had been unable to present the real merits of the controversy in the first actions to pursue his real right under a more appropriate form of action. Titus v. Poole, supra. If upon the new trials ordered by the Appellate Division, owing to technical defenses or errors in the form of the remedy adopted in the actions first brought, the plaintiff cannot possibly succeed, it would be contrary to the spirit of the statute to deny to him his new action. In the former actions the plaintiff would have been entitled to recover the entire amount of his loss up to the face of the policies issued by the defendants, if he could have established the fraud in the appraisement which he alleged, or, failing in this, he could have recovered the amount awarded by the appraisers if the actions had not been brought too soon to entitle him to such relief. When he failed to establish the fraud he could not on the new trials ordered obtain any relief, or recover the amount of the award, because of the technical defenses above referred to. Consequently the new trials were of no avail, and there was nothing for him to do but to suffer a judgment upon the new trials, dismissing the complaints in each action not upon the merits, and then begin the present actions.

In this respect the situation differs from that presented in the case of Waydell v. Gabrielson, 72 Fed. 648, 19 C. C. A. 58. In that case the court expressly said that the object of the statute is to relieve a plaintiff who had been defeated because of some technical error upon the trial of the first action, or upon some ground not necessarily involving the merits of his case, or not fatal to an ultimate recovery. In that case the plaintiff was not defeated in

the first action on either of these grounds. The further language of the opinion must be read in connection with the facts of that case, keeping in mind that if the opinion wanders from the point at issue it no longer has force as an official utterance. Colonial City T. Co. v. Kingston R. R. Co., 154 N. Y. 493, 495, 48 N. E. 900. The benefits to which the plaintiff is entitled under section 405 are not taken away by the provisions of section 414 of the Code of Civil Procedure. The latter section deals only with those portions of title 3 of chapter 4 of the Code, which relates to and prescribes rules of limitations. Titus v. Poole, supra; Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485. When the intent of a statute is clear, words may be supplied, or words, phrases, or sentences may be transposed, so as to give effect to such intent. Lewis' Sutherland's Statutory Construction (2d Ed.) §§ 382, 386. If the language of the first sentence of section 414 were transposed, so as to read, "The provisions of this chapter prescribing rules of limitation apply to special actions or proceedings, and constitute the only rules of limitation applicable thereto, except where a different limitation is especially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties," such change would be within the rules of construction above referred to. It would then be apparent that the benefits conferred by section 405 were in no wise diminished or affected by the provisions of section 414, since the former section was not one of those prescribing a rule of limitation. The only special limitation upon the right of the plaintiff to maintain these actions is found in the provisions of the insurance law, prescribing a standard form of policy and forbidding the issuing of any other. Laws 1886, p. 721, c. 488, §§ 2, 3; Laws 1892, p. 1980, c. 690, § 121; Pen. Code, 577d.

The policies in suit contain a clause to the effect that "no suit or action on this policy for the recovery of any claim shall be maintainable in any court of law or equity unless commenced within twelve months next after the fire." Although this clause appeared in the contracts of insurance, the limitation was one "specially prescribed by law and not" by the written contract of the parties. The command of the statute fixed the period of limitation. The agreement of the parties could not add to or detract from it. Hamilton v. Royal Insurance Company, supra. Even though by special provisions of law a different period of limitation for actions upon these policies is prescribed from that contained in chapter 4, tit. 3, of the Code of Civil Procedure, the provisions of section 405 apply as well to actions affected by such special limitations as to others. The situation is the same as though the clause in the policy read: "No suit or action on this policy for the recovery of any claim shall be maintained in any court of law or equity unless commenced within 12 months after the fire, except in the cases provided for in section 405 of the Code of Civil Procedure." These cases are distinguishable from Wetyen v. Fick, 178 N. Y. 223, 70 N. E. 497. and Heusinkveld v. Capital Insurance Company, 95 Iowa, 505, 64 N. W. 594. In the Wetyen Case the question presented was whether the provisions of section 401, which is contained in chapter 4, tit. 3, of the Code of Civil Procedure, and which provides for the suspension of the statute of limitations when the defendant is without the state, when the cause of action accrues, applied to a claim for dower. The court held that, inasmuch as the provisions of the Code prescribing the limitation for the commencement of such an action were contained in an entirely different chapter of the Code, which contained its own provisions as to what should suspend the running of the statute in the case of that particular form of action, the expression of those in the latter case was the exclusion of all other grounds mentioned in the former. Code Civ. Proc. § 1597. The decision rests upon that ground only, and not upon the ground that section 414 would have controlled the provisions of section 401, if it had not been for that fact. In the Heusinkveld Case, the Iowa statute denied the privilege of bringing a second action to one who had failed in the first action for "negligence in its prosecution," and the court held that on the facts presented in that case the plaintiff had been negligent.

I conclude, therefore, that these actions can be maintained. The plaintiff has presented no stronger evidence upon the trial of these cases to support his

claim of fraud in the appraisal than was presented in the previous cases; but, failing in that, the court is now in a position to decree judgment in favor of the plaintiff for the amount of the awards in each case. Maher v. Home Insurance Company, 75 App. Div. 226, 78 N. Y. Supp. 44. It follows, therefore, that the plaintiff is entitled to judgment against the German Insurance Company of Freeport, for $1,450.83, and against the Thuringia Insurance Company for $1,450.83, and against the Nassau Fire Insurance Company for $1,344, with interest on each of said sums from April 29, 1902. I think, under the circumstances, however, that such recovery should be without costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

William D. Murray, for appellant.
Bacon & Merritt, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of BURR, J., at Special Term.

---

(50 Misc. Rep. 198.)

PEOPLE ex rel. PERKINS v. MOSS et al.

(Supreme Court, Special Term, New York County. April 18, 1906.)

1. LARCENY—WRONGFUL APPROPRIATION OF MONEY—CONTROL AS OFFICER OR TRUSTEE.

Where a vice president and trustee of a corporation advanced money to a political campaign committee, and was afterward reimbursed by the corporation, he had "control" of the corporate funds so wrongfully appropriated within Pen. Code, § 528, declaring that a person who, having in his control as officer or trustee any property of another, appropriates it to his own use or the use of another than the true owner is guilty of larceny.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Embezzlement, § 23.]

2. SAME—MISUSE OF CORPORATE FUNDS—DONATION FOR POLITICAL PURPOSES.

A donation of the funds of a life insurance company to a political campaign committee is contrary to public policy and illegal and sufficient to justify the arrest of the officer making the donation for violation of Pen. Code § 528, declaring that a person who, having in his control as officer or trustee any property of another, appropriates it to his own use or the use of another than the true owner with intent to deprive or defraud the true owner of his property is guilty of larceny.

Habeas corpus by the people, on the relation of one Perkins, against one Reardon, a peace officer, and Joseph H. Moss, city magistrate. Writ dismissed, and the prisoner remanded to custody. Reversed on appeal.

See 99 N. Y. Supp. 138.

Louis L. Delafield (Wm. N. Cohen, of counsel), for Perkins.
Wm. Travers Jerome, Dist. Atty., for Reardon.

GREENBAUM, J. The demurrers, by the traverse to the returns to the writs of habeas corpus and certiorari, challenge the sufficiency of the depositions taken before the magistrate, who issued the warrant under which the relator was arrested. The crime charged is grand larceny, and unless the evidence before the magistrate justified a