## HOFFMAN et al. v. DELAWARE & HUDSON CO.

(Supreme Court, Trial Term, Saratoga County.  January Term, 1914.)

LIMITATION OF ACTIONS (§ 130*)—COMMENCEMENT OF ACTION—DISMISSAL—NEW ACTION—ACTIONS FOR CAUSING DEATH.

    Code Civ. Proc. § 405, providing that, if an action be commenced within the time limited therefor and be terminated otherwise than by a voluntary discontinuance, a dismissal for neglect to prosecute, or a final judgment upon the merits, the plaintiff may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such reversal or termination, applies to an action for wrongful death brought by an administrator for the benefit of the next of kin, notwithstanding section 1902, giving the right of action, provides that such an action be commenced within two years after the decedent's death, since section 414 included within the same chapter as section 405, and providing that the provisions of the chapter constitute the only rules of limitation applicable to a civil action except where a different limitation is prescribed by law, has no application to section 405, because such section does not prescribe a rule of limitation.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 539, 545, 553–566; Dec. Dig. § 130.*]

Action by Frank C. Hoffman and another, administrators, against the Delaware & Hudson Company.  On demurrer to complaint.  Overruled.

See, also, 205 N. Y. 532, 98 N. E. 1104; 142 App. Div. 920, 127 N. Y. Supp. 1126.

E. T. Brackett and Leary & Fullerton, all of Saratoga Springs, for plaintiffs.

Lewis E. Carr, of Albany, for defendant.

WHITMYER, J.  This action has been brought to recover damages for the benefit of the next of kin of Joseph Hudson, deceased. The complaint alleges that his death was caused by the negligence of defendant.  He died September 27, 1909.  Action was brought within two years thereafter.  The complaint therein was dismissed on the trial at the close of plaintiffs' case, and the judgment entered upon such dismissal was thereafter affirmed by the Court of Appeals.  The present action, for the same cause as the former, was commenced February 6, 1913, within one year after the decision by the Court of Appeals, but more than three years after Hudson's death.  Defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

It is claimed by defendant that the case is governed exclusively by the provisions of section 1902 of the Code of Civil Procedure, which gives the right of action, and that the action cannot be maintained

because the time limit therein prescribed is an integral part of such right, so that the case is one where a different limitation is specially prescribed by law and is within the exceptions contained in section 414 of the Code. Section 1902 provides that "such an action must be commenced within two years after the decedent's death." It is claimed by plaintiff that the action is maintainable under the provisions of section 405 of the Code. That section provides that, if an action be commenced within the time limited therefor and be terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the merits, the plaintiff may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such reversal or termination. If this section applies, the action is in time. Sections 405 and 414 of the Code of Civil Procedure are included in chapter 4 thereof. Section 414, so far as material, provides that the provisions of said chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in a case where a different limitation is specially prescribed by law.

Read literally, it would seem that the provisions of this section apply to and affect those of section 405, along with the other sections of said chapter; but it is now held that section 414 deals only with those portions of chapter 4 which relate to and prescribe rules of limitation, and that section 405 is not one of these, so that the benefits thereby conferred are in no wise diminished or affected by section 414. Titus v. Poole, 145 N. Y. 414–423, 40 N. E. 228; Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; Conolly v. Hyams, 176 N. Y. 406, 68 N. E. 662; Bellinger v. German Ins. Co., 51 Misc. Rep. 466, 100 N. Y. Supp. 424, affirmed on opinion at Special Term 113 App. Div. 917, 100 N. Y. Supp. 424, affirmed 189 N. Y. 533, 82 N. E. 1124. In Titus v. Poole, supra, it was held that section 405 applies to a rejected claim against the estate of a deceased person, notwithstanding the short statute of limitations, prescribed by section 1822. In Hayden v. Pierce, supra, the provisions of section 401, declaring that, when a cause of action accrues against a person who is without the state, the action may be commenced against him within the time limited therefor after his return to the state, were held to apply to a rejected claim against the estate of a deceased person, notwithstanding said short statute of limitations. In Hamilton v. Royal Ins. Co., supra, the policy provided that no action thereon should be maintained unless commenced within 12 months after the fire. It was held that section 399 of the Code, providing that an attempt to commence an action in a court of record shall be deemed equivalent to the commencement thereof, applied, and that a delivery of the summons to the sheriff within the time limited was a sufficient compliance. The Conolly Case, supra, was an action to foreclose a mechanic's lien. And it was there held that, if such an action is commenced within one year after the filing of the lien, but is dismissed for lack of evidence, a new action may be commenced, under sec-

tion 405, within one year after the final determination of the first action. In the Bellinger Case, supra, it was decided that the benefits conferred by section 405 are not taken away by the provisions of section 414 of the Code of Civil Procedure, since the former section is not one prescribing a rule of limitation. That action was on a policy, which contained the clause that:

"No suit or action on this policy for the recovery of any claim shall be maintainable in any court of law or equity unless commenced within twelve months next after the fire."

Although this clause appeared in the contract of insurance, the limitation was one "specially prescribed by law" and not by contract, for the reason that the period of limitation was fixed by the provisions of the insurance law. Defendant relies, principally, upon the decision in Hill v. Board of Supervisors, 119 N. Y. 344, 23 N. E. 921. That case, however, was distinguished in the Conolly Case, supra. Moreover, it contained the clause that:

"No action shall be maintained under the provisions of this act unless the same be brought within three months after the loss or injury,"

—almost exactly like the clauses in the Hamilton and Bellinger Cases, supra, subsequently decided. The cases cited are controlling here, so that it is my conclusion that the present action was brought in time.

The demurrer of defendant should be overruled, with costs.