WILLIAM J. HAMMOND AND CHARLES W. MOSHER, RESPONDENTS, v. WILLIAM A. SHEPHARD AND OTHERS, APPELLANTS.

*Mechanics' liens — chapter 342 of 1885 does not destroy the right to a lien existing under a law repealed by it — a vendor, who has not given the vendee a deed, is liable for materials furnished to the vendee with his consent as an owner — section 399 of the Code of Civil Procedure, making the delivery of the summons to the sheriff equivalent to the commencement of an action, is applicable to actions to foreclose liens.*

Upon an appeal by the defendants Shephard, Trask, Manning and the executors of Drexel, from a judgment of foreclosure of a mechanic's lien, claimed to exist against certain premises of which the appellants were the owners, subject to a contract to convey the same to the defendant Mrs. Abel, who was in possession and to whom the labor and materials were furnished, it appeared that the labor and materials were furnished by the plaintiffs, under a contract with Mrs. Abel, between the 1st day of January, 1885, and the 6th day of June, 1885. On June twenty-fifth the plaintiff filed a notice of lien in the county clerk's office, wherein Shephard, Trask, Manning and Drexel were named as owners, and thereafter this action was commenced under chapter 342 of 1885, which act took effect May 27, 1885, and repealed the previous mechanics' lien laws and changed the form of the remedy to foreclose the lien, but contained this reservation: "This act shall not be so construed as to affect, enlarge, invalidate or defeat any lien, or right to a lien, now existing, or any proceeding to enforce such lien now pending, by virtue of any of the provisions of the acts hereby repealed."

The defendants contended that, inasmuch as the proceedings in this action were instituted under the act of 1885, the plaintiffs could not enforce so much of their claim as accrued before May 27, 1885, as the act of 1885 provides that only persons "who shall hereafter" perform any labor or services, or furnish any materials, may file the notice of lien.

*Held,* that this contention could not be sustained; that the plaintiff had a right to a lien, under chapter 489 of 1873, for the labor and materials furnished up to the day of its repeal by the act of 1885, and that that right was saved by the reservation contained in the latter act by which a new remedy was given for its enforcement.

That, as the court found that the labor and materials, in this case, were furnished, with the consent of the owners, their interest in the premises was bound by the lien.

Section 6 of the act of 1885 provides: "No lien provided for in this act shall bind the property therein described for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to enforce the same; and if the action is in a court of record a notice of pendency of such action is filed with the county clerk," etc. The notice of lien was filed on June 25, 1885, and the notice of the pendency of the action was filed June 25, 1886.

*Held,* that the lien was filed in time, as one year after June 25, 1885, embraced the whole of June 25, 1886.

*Marvin* v. *Marvin* (75 N. Y., 240) followed.

The summons was served upon the defendant Trask, June 23, 1886, and delivered to the sheriff for service on the other defendants, Shephard, Manning and Drexel, June 24, 1886, but was not served until June twenty-eighth.

*Held,* that, as section 8 of chapter 342 of 1885 provides that the manner and form of instituting and prosecuting any such action shall be the same as in actions for foreclosure of mortgages upon real property, that that section makes the practice, in actions to enforce these mechanics' liens similar to that of actions of foreclosure of mortgages. (LANDON, J., dissenting.)

That, as section 399 of the Code of Civil Procedure, providing that an attempt to commence an action by delivery of the summons to the sheriff, with an intent that it should be actually served, is equivalent to the commencement of it, so far as affects the limitation of time imposed, was applicable to an action of foreclosure, it was also applicable to this action. (LANDON, J., dissenting.)

APPEAL by the defendants Shepard, Trask, Manning and the executors of Drexel, from a judgment of foreclosure of a mechanic's lien claimed to exist against premises of which the appellants were the owners, subject to a contract to convey the same to the defendant Mrs. Abel, who was in possession and to whom the labor and materials were furnished for which the notice of lien was filed. The judgment was entered on June 29, 1887, in the office of the clerk of the county of Saratoga.

*W. B. French,* for the appellants.

*Jesse Stiles,* for the respondents.

LANDON, J.:

The defendants Shepard, Trask, Manning and one Drexel, since deceased, but whose executors have been substituted as defendants in his place, were the owners of a lot of land on the west side of Saratoga lake, and on the 1st day of October, 1884, entered into an agreement with the defendant Julia Abel to convey the same to her for $6,000, payable in ten annual installments of $600 each; the first of which was to be paid that day, and thereupon the vendee Mrs. Abel was to take possession. The agreement further provided that Mrs. Abel should build two cottages upon the premises at a cost of not less than $1,200 each, and a stable to cost not less than $500, and make other substantial improvements and repairs. Mrs. Abel entered into possession under the agreement, and engaged

in making the erections and improvements specified in the agreement. The plaintiffs, under a contract with Mrs. Abel between the 1st day of January, 1885, and the 6th day of June, 1885, furnished labor and materials to make such erections and repairs of the value of $548.40, which remains unpaid. The plaintiffs filed a notice of lien therefor in the Saratoga county clerk's office June 25, 1885, wherein Shepard, Trask, Manning and Drexel were named as owners. This action was commenced under chapter 342 of the Laws of 1885. This act went into effect May 27, 1885. A portion of the labor and materials for which the notice of lien was filed was furnished before that date, and a portion after it. The act of 1885 repealed the previous mechanic's lien laws, and changed the form of the remedy to foreclose the lien, but contained this reservation :

§ 26. "This act shall not be so construed as to affect, enlarge, invalidate or defeat any lien or right to a lien now existing, or any proceeding to enforce such lien, now pending by virtue of any of the provisions of the acts hereby repealed."

The defendants, the owners of the premises, and vendors of Mrs. Abel, urge that, inasmuch as the proceedings and this action were instituted under the act of 1885, the plaintiffs cannot, under this act, enforce so much of their claim as accrued while chapter 489, Laws of 1873, was in force. This contention is based upon the language of section 1 of chapter 342, Laws 1885. This section provides : "Any person or persons, firm or firms,   *   *   *   who shall *hereafter* perform any labor or service, or furnish any materials   *   *   *   with the consent of the owner   *   *   * may, upon filing the notice of lien," etc.

The plaintiff had a right to a lien under chapter 489, Laws of 1873, for the labor and materials furnished up to the day of its repeal. That right was saved by the act of 1885, and a new remedy given. True, the act of 1885 does not expressly say that the old right is to be worked out and enforced under the new law, but it is plain that such was the legislative intent. Chapter 382 of the Laws of 1886 protects notices of liens filed prior to June 27, 1885, under any of the laws repealed by the act of 1885. The remedial act of 1886 is additional evidence of the legislative intent that the rights to liens existing at or prior to the repeal of the old laws could be

enforced under the act of 1885, and that the notice of lien could be filed under the same act, if not previously filed.

The defendants, the vendors, further object that the lien does not attach to their interest in the land, but only to Mrs. Abel's. Both the acts of 1873 and 1885 declare that where the labor or materials are furnished "with the consent of the owner," the lien attaches to the interest of the owner. A vendor who has not yet given the vendee a deed, is regarded as an owner within the meaning of the act. (Section 5.)

The court found that the labor and materials in this case were furnished with the consent of the owners, the vendors, and the evidence supports the finding. The authorities are ample that in such case the owner's interest in the premises is bound by the lien. (*Otis* v. *Dodd*, 90 N. Y., 336, and cases there cited.)

Section 6 of the act of. 1885 provides: "No lien provided for in this act shall bind the property therein described for a longer · period than one year after the notice of lien has been filed, unless within that time an action is commenced to enforce the same; and if the action is in a court of record a notice of the pendency of such action is filed with the county clerk," etc. The notice of lien was filed June 25, 1885; the notice of the pendency of the action was filed June 25, 1886. No question is made that the notice of the pendency of the action was not filed in time. It must be filed within one year after the notice of lien is filed. One year *after* June 25, 1885, embraced the whole of June 25, 1886. (*Marvin* v. *Marvin*, 75 N. Y., 240.) The summons was served upon the defendant Trask June 23, 1886, and delivered to the sheriff for service on the other defendants, Shephard, Manning and Drexel, June 24, 1886, but was not served until June twenty-eighth.

If sections 398 and 399 of the Code of Civil Procedure apply, then the action must be deemed commenced within time to avoid the statute of limitations, but if neither applies, then the attempt to commence the action against the defendants, Shephard, Manning and Drexel, was not equivalent to its commencement.

Section 398 provides: "An action is commenced against a defendant within the meaning of any provision of this act, which limits the time for commencing of an action, when the summons is served on

HUN — VOL. L    41

him; or on a co-defendant, who is a joint contractor, or otherwise united in interest with him."

Section 399 : "An attempt to commence an action　*　*　*　is equivalent to the commencement thereof against each defendant within the meaning of each provision of this act, which limits the time for commencing an action," etc.

The limitation of the time within which an action must be commenced in order to save the lien is made by the act of 1885, and not by the Code. Section 414 of the Code of Civil Procedure excepts from the provisions of chapter 4, entitled "limitation of the time of enforcing a civil remedy," "a case where a different limitation is specially prescribed by law."

This action was not commenced against Shephard, Manning and Drexel until after the year had expired, and. therefore, there was no lien against their interest to be enforced.

The judgment should be affirmed, with costs, against the defendant Trask, and reversed as to the other appellants, with costs, and the complaint as to them dismissed, with costs of the court below.

LEARNED, P. J. :

Section 6, chapter 342, Laws of 1885, provides that the lien shall not bind longer then a year after filing notice, unless within that time an action is commenced to enforce the same.

Section 8 says that the manner and form of instituting and prosecuting any such action, shall be the same as in actions for foreclosure of mortgages upon real property. This section, as I think, makes the practice as to these actions similar to that of actions of foreclosure.

There is nothing said in the act as to the manner of commencing these actions when they are in courts of record. Provision is made as to such actions, brought in courts not of record, by sections 9, 10, etc ; and these direct as to service of summons. As to actions in courts of record, we must, therefore, be left to the Code. Now, the question is, in a court of record, what is the commencement of an action of this kind ? The act does not say that the service of the summons is the commencement or that anything else is the commencement, it only says that an action is to be commenced within a year, and the manner and form of instituting it is to be that of a foreclosure action.

Turning, then, to the Code to inquire, as to the manner and form of instituting such an action, we find section 399 providing that an attempt to commence such an action of foreclosure by delivery of the summons to the sheriff with intent, etc., is equivalent to the commencement, so far as it affects the limitation of time imposed on such action of foreclosure. It is true that section 414 excepts from the provisions of that chapter cases where another limitation is imposed. But we are not inquiring as to the limitations imposed on actions to enforce liens, or an action to foreclose mortgages. We are only inquiring as to the manner and form of instituting mortgage foreclosure, in order that such form and manner may be followed in actions to enforce liens. And certainly the provisions of section 399 apply to actions to foreclose mortgages. They are part of that manner and form, which are applicable to actions to enforce liens. The time of limitation is different, but the mode of commencing in respect to the limitation is the same in these actions and in those. It would, I think, be unreasonable to hold that the general rules which govern all other actions do not govern these.

Now, in regard to these actions in courts not of record, section 9 specially states how the action is to be commenced, viz., by personal service, except as provided by section 10. This is in accordance with section 2876 of the Code, and the silence in this statute as to the mode of commencement in courts of record, and its reference to actions of foreclosure, leave us to apply the provisions of the Code. Unless positively forbidden, we ought to apply the same uniform system to all actions, these included. There is no reason for any distinction, and I think none was intended.

I, therefore, think the judgment should be in all respects affirmed, with costs.

INGALLS, J., concurred.

Judgment affirmed, with costs.