HENRY H. GEE, Respondent, *v.* HIRAM J. TORREY and Another, Appellants.

*Mechanic's lien — proceeding under chapter 440 of the Laws of 1880 — when com- menced — query whether an action or special proceeding — Code Civ. Proc. §§ 399 and 414.*

In a proceeding commenced to foreclose a lien given by chapter 440 of the Laws of 1880, it appeared that within six months after the filing of the notice of lien the plaintiff delivered to the sheriff for service a notice containing a statement of the facts constituting his claim, and the amount thereof, on the property of the defendants, and requiring them to appear in person or by attorney within thirty days and answer the same, or in default thereof that he would take judgment against them for the amount claimed to be due, etc. This notice was served on one of the defendants one day after the expiration of the six months from the filing of the notice of lien, and on the other defendant it was served nine days thereafter.

The defendants set up in their answer the six months' Statute of Limitations pre- scribed by section 10 of such act.

*Held,* that the provisions of section 399 of the Code of Civil Procedure applied to the notice authorized by chapter 440 of the Laws of 1880, and such section referred to a special proceeding as well as to an action, and that a mechanic's lien was not excepted by section 414 of the Code of Civil Procedure from the provisions of section 399 thereof ;

That the delivery of the notice to the sheriff was equivalent to a commencement of the proceeding or action.

Query, as to whether the service of the notice of lien commenced a special pro- ceeding or an action.

APPEAL by the defendants, Hiram J. Torrey and another, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Allegany on the 23d day of September, 1893, upon the report of a referee.

*Frederick H. Church*, for the appellants.

*Rufus Scott*, for the respondent.

HAIGHT, J. :

This action, or special proceeding, whichever it may be, was brought, or commenced, to foreclose a lien given by chapter 440 of the Laws of 1880, known as the "Oil Well Mechanics' Lien Act." The plaintiff had erected for the defendants a derrick to be used for the drilling of an oil well upon their lands. On the 31st day of May, 1883, and within sixty days after completing the work, the plaintiff filed a notice of lien, under which he acquired a valid lien under the act. Within six months after filing such notice of lien, the plaintiff delivered to the sheriff, for service, a notice containing a statement of the facts constituting his claim, and the amount thereof, on the property of the defendants, and requiring them to appear in person or by attorney within thirty days, and answer the same, or, in default thereof, that he would take judgment against them for the amount claimed to be due, etc. This notice was served on the defendant Hiram J. Torrey December 1, 1883, and on the defendant Horace Davis, December 10, 1883, the first service being one day after the expiration of six months from the filing of the notice of the lien. The defendants, in their answer, set up the six months' Statute of Limitations provided for in section 10 of the act. The provision is as follows : " Every lien created under the provisions of this act shall continue until the expiration of six months from the time of filing the notice prescribed in the second section of this act, unless sooner discharged by the court or some legal act of the claimant in the proceedings; but, if within such period of six months proceedings are commenced to enforce or foreclose such lien, then such lien shall continue until judgment shall be rendered thereon, and for one year thereafter. Such lien shall also continue during the pendency of an appeal, and for one year after the determination thereof." It will be observed that the provisions of

this section do not designate or specify what shall be deemed a commencement of proceedings. Controversy has arisen as to whether the remedy provided by this act was an action or a special proceeding; but, under the view taken by us, it is unimportant, so far as the determination of the question under consideration is concerned. In the section quoted, the word "proceedings" is used, whilst in other sections the word "action" is used; and, after issue is joined, the provision is to the effect that the case shall be governed and tried in all respects as upon issues joined and judgments rendered in other actions arising on money demands upon contracts. We recognize much force in the argument that under these provisions the remedy provided is by an action, and that the word "proceedings," used in the provisions of the section quoted, was used through inadvertence and without intent to change the remedy from an action to a special proceeding. But passing this question for a consideration of the one involved, we find that under the provisions of section 5 the owner of the lien, if the claim exceeds fifty dollars, may "bring an action in the Supreme Court in the county in which the property is situated, or in the County Court of said county, to enforce such lien, which action shall be commenced, and the proceedings therein conducted, and judgment entered, in the same manner and to the same effect as in actions brought in said courts to enforce liens provided by chapter 402 of the Laws of 1854, and the several acts amending the same." By section 6 of chapter 402 of the Laws of 1854, it is provided that such action "shall be commenced by serving a notice containing a statement of the facts constituting the claim, and the amount thereof, on the owner of the property or his agent, requiring the said owner to appear in person or by attorney within thirty days after such service and answer the same, and serve a copy of such answer, together with a notice of any set-off that he may have, on the claimant or his attorney, or, in default thereof, that the claimant will take judgment against the said owner for the amount claimed to be due for the labor performed or the materials furnished, with interest thereon and costs." Section 399 of the Code of Civil Procedure provides that "An attempt to commence an action in a court of record is equivalent to the commencement

thereof against each defendant within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff," etc. The question is as to whether this provision of the Code applies to the notice authorized by the statute referred to. It is said that these provisions of the Code apply to actions only. It is true that the word "action" only is used, but it is a part of the provisions of chapter 4, title 3 of the Code. The concluding clause of subdivision 4 of section 414 of the same chapter and title provides that "The word 'action' contained in this chapter is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein, or in an action." Under this provision we are authorized to construe the word "action" as also meaning special proceeding. But an action is ordinarily commenced by summons. Special proceedings may be instituted by summons, petition or notice. Giving to the word "action" the broader meaning provided for, section 399 must be understood as providing that an attempt to commence an action or a special proceeding in a court of record is equivalent to the commencement thereof against each defendant within the meaning of the provisions of this act which limits the time for commencing an action, when the summons or the instrument upon which the the special proceedings are founded is delivered, with the intent that it shall be actually served, to the sheriff.

Again, it is contended that under section 414 of the Code, the provisions of the Mechanics' Lien Act are excepted from the provisions of the chapter of which section 399 is a part. We do not so understand it. It is as follows: "The provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: (1) A case where a different limitation is specially prescribed by law." The Mechanics' Lien Act, as we have seen, has a different limitation specially prescribed. It is, therefore, within the provisions of the exception. But were it not for its exception its different limitation would have been repealed by implication, for the provisions of this chapter constitute the only rules of limitation applicable to civil action or special proceeding. But the exception preserves the different limitation, and the meaning of the section is the same

as if it read : The provisions of this chapter and the cases in which a different limitation is specially prescribed by law, constitute the only rules of limitation applicable to a civil action or special proceeding. As thus understood, the limitation of the Mechanics' Lien Act is preserved, and, if so, it appears to us that section 399 of the Code applies, and the delivery of the notice to the sheriff for service within the six months must be deemed equivalent to the commencement of the action, or proceedings, under the provisions of section 10 of the statute referred to. This view makes the practice uniform, and is in accord with the result reached in *Hammond* v. *Shephard* (50 Hun, 318).

The judgment should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.