(87 App. Div. 236.)

## WILLIAM H. JACKSON CO. v. HAVEN.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. MECHANIC'S LIEN—ENFORCEMENT—ACTIONS—STATUTES—ENFORCEMENT.

    Code Civ. Proc. § 3417, provides that a mechanic's lien on real estate may be vacated and canceled by order of a court of record, if the lienor, after 30 days' notice in writing, shall not commence an action to enforce the same; and Lien Law, art. 1, § 22 (Laws 1897, p. 525, c. 418), provides that the article relating to mechanics' liens shall be liberally construed, and that a substantial compliance with its provisions shall be sufficient. *Held*, that section 3417 was not a statute of limitations, but vested the court with discretion as to whether or not a lien should be vacated for failure of the lienor to bring his action within the time provided.

2. SAME.

    Where a mechanic's lienor was notified to bring suit within 30 days to enforce the lien, as required by Code Civ. Proc. § 3417, and within the time he prepared his summons and complaint, which was served on one of the defendants, and efforts made to serve the owner, but in consequence of the inability of the process server to find him service was not made on him within the time, refusal of the trial court to vacate the lien because the action was not brought against the owner within the 30 days was a proper exercise of discretion.

Appeal from Special Term, New York County.

Action by the William H. Jackson Company against George E. Haven, Jr. From an order denying defendant's motion to have a mechanic's lien vacated and canceled of record, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank E. Blackwell, for appellant.
Wm. L. Kitchel, for respondent.

PATTERSON, J. On April 29, 1903, the plaintiff (respondent) filed in the county clerk's office of New York county a notice of lien affecting property belonging to the defendant (appellant), Haven. On the 25th of May, 1903, a notice was served by the appellant upon the respondent requiring it to commence an action to enforce the lien within 30 days from the time of service of such notice, or show cause why the notice of lien should not be vacated and canceled of record. The notice requiring the commencement of an action was served pursuant to section 3417 of the Code of Civil Procedure, which provides that a mechanic's lien on real property may be vacated and canceled by an order of a court of record. Before such order shall be granted notice must be served upon the lienor, which notice shall require him to commence an action to enforce the lien within a time specified in the notice, not less than 30 days from the

time of service, or to show cause in a court of record, or at a county court, in a county in which the property is situated, at a time and place specified therein, why the notice of lien filed should not be vacated and canceled of record. Proof of such service, and that the lienor has not commenced the action to foreclose such lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order.

On the 24th of June, 1903, a summons and complaint in an action to foreclose the lien were prepared by the plaintiff's attorney. The action was instituted against the respondent and one Edward E. Paul. Process was served within the 30 days upon the defendant Paul, but not upon the respondent. Thirty days having elapsed, and no service of process having been made upon the respondent, he moved to vacate and cancel the notice of lien. The court at Special Term denied the motion, and this appeal is taken from the order entered upon such denial.

Section 3417 of the Code of Civil Procedure is not a statute of limitation, nor does it make it compulsory upon the court to order the cancellation of a lien upon the failure of the lienor to begin a suit after notification to commence an action within 30 days after the time specified in the notice. It is a permissive statute, clothing the court with·discretionary power. It is in no sense mandatory, and the lien does not fall by a noncompliance with the notice. Therein the Code provision differs widely from the rule of construction given to statutes relating to the same matter that were in force prior to the adoption of the Code provision. Section 22 of article 1 of the lien law (Laws 1897, p. 525, c. 418) provides that "this article is to be construed liberally to secure the beneficial interests and purposes thereof and substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same." Section 3398 of the Code provides that "this title is to be construed in connection with article 1 of the lien law." In the Matter of Poole, 14 N. Y. Supp. 790, the General Term of the Court of Common Pleas held that the right of the owner of property to discharge a mechanic's lien on the return of notice prescribed by subdivision 5, § 24, c. 342, p. 591, Acts 1885, in case no action had been commenced within the time prescribed in the notice, is not absolute, but the court has power and it is its duty to consider the equities of the case in determining the application. The provision of subdivision 5 of section 24 of the mechanic's lien law of 1885, relating to this subject, is almost identical in phraseology with the provision of section 3417 of the Code of Civil Procedure. In the Matter of Poole, supra, the court remarks that:

"The statute pursuant to which the notice was served provides that the owner may give notice to the lienor to bring an action of foreclosure by a day named, or show cause why the lien should not be vacated, and further provides that the court may make an order vacating the lien. The language of the statute is plain and intelligible. The intention of it was clearly to enable the owner to require the lienor to test the validity of his lien speedily, and to give to the court power to vacate or, discharge the lien in case the action was not commenced, or sufficient reason presented to the court excusing the lienor for not commencing action in the time named in the notice."

It is further remarked that:

"A proper and equitable construction of this statute gives the court not only the power, but makes it the duty of the court, to take into consideration the equities of the case and exercise a sound discretion in granting or refusing the application. Equitable Life Insurance Soc. v. Stevens, 63 N. Y. 341. If the intent of the statute was that the right of the owner to have the lien discharged upon the return of the notice, in case no action was commenced within the time mentioned in the notice, should be absolute, the application to the court is an idle ceremony."

That the power to vacate the lien rests in the sound judicial discretion of the court follows from the fact that the lienor is permitted to show cause why the lien should not be discharged. As said in the Poole Case, if the requirement of the statute were mandatory, showing cause would be a mere idle ceremony. It could not avail to relieve the lienor from a default.

The cases in which it has been held that failure to comply with the notice to begin suit avoided the lien arose under statutes which were strictly construed as being in derogation of the common law. For instance, Mushlitt v. Silverman, 50 N. Y. 360, where the case arose under the mechanic's lien law of Kings county. Chapter 478, p. 947, Laws 1862. By that act it was provided, in terms, that the lien should be discharged by the omission of the lienor or claimant to file an affidavit of the issuing and service of a summons and complaint, in an action to enforce the lien, within 30 days after a day specified for the commencement of an action in a notice which the owner was permitted to give requiring the action to be commenced on or before a certain hour on such specified day. It was held that the act was an innovation upon the common law, affecting property rights and property, authorizing, as it did, property to be incumbered without or against the consent of the owner or without a resort to legal process or legal action; and that when the act declared, as it did, that the lien may be discharged in any one of several methods, the happening of any of the events, or the performance of any of the acts mentioned, operated per se as a discharge, without the necessity of further acts by any person. The decision in that case proceeded upon a strict construction of the statute. But now the statute must be liberally construed and a discretionary power is conferred upon the court. In the Mushlitt Case the statute prescribed conditions for the continuance of the lien, and it was held that courts could not dispense with them nor relieve the party from the consequences of an omission.

In the case at bar the lienor showed sufficient cause why the lien should not be discharged. He had within the 30 days prepared his summons and complaint, which were served upon one of the defendants. Efforts were made to serve it upon the owner (appellant), but, in consequence of the inability of the process server to find him, service was not made. Failure to make the service was sufficiently excused. The summons was actually served on the owner on the 30th of June, 1903.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.