In the Matter of SELWYN REALTY CORPORATION for the Cancellation and Discharge of a Mechanic's Lien on the Premises Nos. 240–248 West Forty-third Street in the Borough of Manhattan, City of New York.

SELWYN REALTY CORPORATION, Appellant; JEROMEL REALTY AND CONSTRUCTION COMPANY, Respondent.

First Department, May 3, 1918.

Liens — mechanic's lien — application to vacate and cancel lien — commencement of action to foreclose within time limited by notice — delivery of summons to sheriff — application of section 399 of Code of Civil Procedure.

The delivery of a summons to a sheriff for service within the time limited by a notice to commence an action to foreclose, under section 59 of the Lien Law, is a compliance with said notice and equivalent to the commencement of the action.

. Section 399 of the Code of Civil Procedure, providing that " An attempt to commence an action, in a court of record, is equivalent to the com-

mencement thereof against each defendant, within the meaning of each provision of this act, which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff   *   *   *," applies to proceedings or actions under the Lien Law.

It is the settled law of this State that in all actions or proceedings in a court of record the delivery of process to the sheriff of the proper county within the time limited by statute or by contract, with the intention to have the same served, is equivalent to the commencement of the action or proceeding within said time.

SMITH, J., dissented, with opinion.

APPEAL by Selwyn Realty Corporation from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1918, denying its application to have a notice of lien vacated and canceled of record.

*Melville H. Cane* of counsel [*Ernst, Fox & Cane*, attorneys], for the appellant.

*John Kadel* of counsel [*Herbert A. Knox* with him on the brief; *Kadel, Van Kirk & Kennedy*, attorneys], for the respondent.

CLARKE, P. J.:

This application was made under section 59 of the Lien Law (Consol. Laws, chap. 33; Laws of 1909, chap. 38): "A mechanic's lien on real property may be vacated and canceled by an order of a court of record.  Before such order shall be granted, a notice shall be served upon the lienor, either personally or by leaving it at his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor.  Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service, or show cause at a Special Term of a court of record, or at a County Court, in a county in which the property is situated, at a time and place specified therein, why the notice of lien filed should not be vacated and canceled of record.  Proof of such service and that the lienor has not commenced the action to foreclose such lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order."

On February 5, 1918, there was served upon the Jeromel Realty and Construction Company a notice that it was required to commence an action to enforce the alleged lien of $72,529.02, filed by it on December 10, 1917, against the premises described in such notice not later than Monday March 11, 1918, being over thirty days from the time of service of this notice or show cause on the 12th of March, 1918, why an order should not be made directing the said notice of lien to be vacated and canceled of record.   On the return day the moving party filed an affidavit in which it was averred, " since the giving of the notice the Jeromel Realty & Construction Company has taken no further steps in relation to the enforcement of its alleged lien.   It has not filed a *lis pendens* nor has it served the Selwyn Realty Corporation or any one else as far as deponent knows with a summons and complaint in an action."   This was met by an affidavit of one of the attorneys for the Jeromel Realty and Construction Company setting forth that on March 9, 1918, at about eleven-forty-five A. M. he delivered to the sheriff's office of the county of New York five summonses in the form annexed with instructions that the same be served upon the respective defendants named therein, and at the same time paid the sheriff's fees for service, return and mileage.   Whereupon the court entered the order appealed from denying the motion to vacate the mechanic's lien.

The statute itself requires that proof of the service of the notice and that the lienor has not commenced the action to foreclose as directed by the notice, shall be made by affidavit.   All that the lienor was required to do under the notice served upon it was to commence its action within the time limited, or show sufficient cause why it had not done so.   In *Jackson Co.* v. *Haven* (87 App. Div. 236) the lienor had served one of the defendants, but had failed to serve the owner in consequence of the inability of the process server to find him.   This court held that failure to make the service was sufficiently excused and affirmed an order denying a motion to cancel the lien.

Therefore the lienor in the case at bar was not called upon to answer the irrelevant affidavit of the moving party attacking the validity of the lien.   Nor upon this motion is this

court to pass upon the merits and to dispose of the entire controversy between the parties. No such question is before us for decision. The object of the Lien Law is to secure laborers and materialmen for the work and material they have furnished. Whether or not the lien filed is good or bad is not to be determined upon such a proceeding as this which is merely to accelerate the trial of the main issue. " The language of the statute is plain and intelligible. The intention of it was clearly to enable the owner to require the lienor to test the validity of his lien speedily and to give to the court the power to vacate or discharge the lien in case the action was not commenced, or sufficient reason presented to the court excusing the lienor for not commencing the action in the time named in the notice." (*Matter of Poole*, 38 N. Y. St. Repr. 806.)

The sole question, as I understand it, presented by this appeal is whether the delivery of the summons to the sheriff for service within the time limited by the notice to commence an action to foreclose was a compliance with said notice and equivalent to the commencement of the action.

Section 399 of the Code of Civil Procedure provides as follows: " An attempt to commence an action, in a court of record, is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act, which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff, or, where the sheriff is a party, to a coroner of the county, in which that defendant, or one of two or more co-defendants, who are joint contractors, or otherwise united in interest with him, resides or last resided; or, if the defendant is a corporation, to a like officer of the county, in which it is established by law, or wherein its general business is or was last transacted, or wherein it keeps, or last kept, an office for the transaction of business."

It is contended that this provision does not apply to proceedings or actions under the Lien Law.

*Hammond* v. *Shephard* (50 Hun, 318), decided November, 1888, was an appeal from a judgment of foreclosure of a mechanic's lien filed under the act of 1885 claimed to exist against premises of which the appellants were the owners.

The notice of lien was filed June 25, 1885.  The summons was served upon the defendant Trask June 23, 1886, and delivered to the sheriff for service on the other defendants, Shephard, Manning and Drexel, June 24, 1886, but was not served until June twenty-eighth.  The question was whether the action had been commenced within the year.

The court held, LEARNED, P. J., writing, that while section 6 of the Lien Law (Laws of 1885, chap. 342) provided that the lien should not bind longer than a year after filing notice unless within that time an action is commenced to enforce the same, there was nothing in the act as to the manner of commencing actions; that as to the manner and form of instituting a foreclosure action, section 399 of the Code of Civil Procedure provided that an attempt to commence such an action by delivery of the summons to the sheriff is equivalent to the commencement thereof, and that it would be unreasonable to hold that the general rules which govern all other actions do not govern the actions to foreclose mechanics' liens, and affirmed the judgment.

*Gee* v. *Torrey* (77 Hun, 23) was an action to foreclose a lien given by chapter 440 of the Laws of 1880, known as the Oil Well Mechanic's Lien Act, under which a notice of lien had been filed and within six months thereafter the plaintiff had delivered to the sheriff for service a notice containing a statement of the facts constituting his claim and the amount thereof on the property of the defendants and requiring them to appear in person or by attorney within thirty days and answer, or in default a judgment would be taken against them for the amount claimed to be due.  This notice was served after the expiration of six months from the filing of the notice of lien.  The defendants in their answer set up the six months' statute provided in section 10 of the act which provided that the lien should continue until the expiration of six months from the time of filing the notice unless sooner discharged, but if within such period proceedings were commenced to foreclose such lien then it should continue until judgment should be rendered thereon and for one year thereafter. The provisions of such section did not designate or specify what should be deemed a commencement of proceedings.

The General Term, HAIGHT, J., writing, DWIGHT, P. J.,

LEWIS and BRADLEY, JJ., concurring, held that "section 399 of the Code applies, and the delivery of the notice to the sheriff for service within the six months must be deemed equivalent to the commencement of the action, or proceedings, under the provisions of section 10 of the statute referred to. This view makes the practice uniform, and is in accord with the result reached in *Hammond* v. *Shephard* (50 Hun, 318)."

*Hamilton* v. *Royal Insurance Co.* (156 N. Y. 327) was an action upon a standard fire insurance policy which contained the following clause: " No suit or action on this policy, for the recovery of any claim, shall be maintainable in any court of law or equity  *  *  *  unless commenced within twelve months next after the fire."

The fire occurred on the 16th of January, 1892. On the 14th of January, 1893, plaintiff's intestate sent the summons in that action to the sheriff of Albany county by mail with instructions to serve it upon the Superintendent of Insurance. The summons was received in time, but the Superintendent was not then in Albany and the sheriff being in doubt as to the validity of the service upon a deputy or clerk postponed its service until his return on the seventeenth when it was personally served. The court said that the only question involved was whether section 399 of the Code of Civil Procedure applied to the limitation contained in the policy in suit. " The sole claim of the respondent is, that the provisions of section 399 have no application to the contractual limitation of the parties, and, hence, that the claim was barred when the summons was served.  *  *  *  That statute [Chapter 4 of the Code of Civil Procedure] was obviously intended to embrace the entire law upon the subject of the limitation of actions, including the manner of its application, the exceptions to its effect in special cases and the procedure for its enforcement.  *  *  *  These general provisions constitute essential and important elements of the statute. In their absence, its enforcement in many cases would be difficult or impossible, and in others would produce inequity and grave injustice. That they were intended to apply to all the limitations created by that statute, there can be no doubt, and no good reason is perceived why they should

not apply to limitations created by special statute, or the written contract of the parties. If they are necessary to modify or effectuate one class, they are equally so as to others. * * * Any other rule would result in unsettling the law, and in many cases would work the greatest injustice. If those general provisions are not applicable to such a case, then we have a plain and definite system of law which governs one class of limitations, but no law or procedure whatsoever applicable to the other classes.

" The language of section 399 is sufficiently broad to include the limitation in this case, as it declares that its provisions are applicable to each provision of the act which limits the time for commencing an action. When that section provides that a summons delivered to the sheriff of the proper county to be served is equivalent to the commencement of an action within the provisions of the act, it must have been intended to include limitations by contract, as that is one of its provisions limiting the time within which an action may be begun. Who, reading that statute, which plainly recognizes a limitation by contract, would for a moment suppose that the delivery of a summons to the sheriff of the proper county with the intent that it should be actually served, was not a commencement of the action in such a case? If it was not the purpose of this statute that it should apply to such a case, then its effect is to create a snare to the unwary party and practitioner."

*Conolly* v. *Hyams* (176 N. Y. 403) was an action brought to foreclose a mechanic's lien on real property situate in the city of New York. Notice of lien was duly filed on the 24th of January, 1889. Plaintiff commenced an action in the Court of Common Pleas to foreclose such lien on February 15, 1889. In that action the plaintiff was defeated for failure to produce a certificate from the architect for the performance of the work, and judgment was entered thereon dismissing the complaint on August 4, 1899. On appeal the Appellate Division on March 9, 1900, modified the judgment by inserting the words "but not upon the merits" and affirmed it as modified. (47 App. Div. 592, 596.) On March 15, 1900, the plaintiff commenced this action to foreclose the lien and recovered judgment therein. CULLEN, J., writing the unanimous decision of the

court, said: " The appellant contends that under the provisions of section 6, chapter 342 of the Laws of 1885, and those of section 16 of the Lien Law of 1897 (Chap. 418), which are substantially the same, both plaintiff's lien and his money claim were lost by the length of time which elapsed between the filing of the lien and the commencement of the present action. These provisions enact that a lien shall not continue for a longer period than one year after the notice of the lien has been filed, unless within that time an action is commenced to foreclose the lien and a notice of the pendency thereof filed with the county clerk. The respondent claims that his cause of action is saved by section 405 of the Code of Civil Procedure, which provides that if an action be commenced within the time limited therefor, and be terminated in any other manner than a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or determination. If this section applies then it is conceded that the present action was brought in time. But the appellant insists that the case is governed exclusively by the provisions of the Mechanics' Lien Law and does not fall within the section of the Code cited.    *    *    * The provisions of the Lien Law relating to the case now before us enact that the lien shall cease unless an action be brought thereon within one year. But this provision of the statute has been complied with. Therefore, the application of the beneficial provisions of section 405 of the Code does not contravene the commands of the statute. The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary." (Citing *Hayden* v. *Pierce*, 144 N. Y. 512; *Titus* v. *Poole*, 145 id. 414, and *Hamilton* v. *Royal Insurance Co.*, 156 id. 327.) " The principle of these decisions controls the disposition of this case, and in conformity therewith we hold that the present action was brought in time."

*Conolly* v. *Hyams* (176 N. Y. 403) is cited and quoted from in *Sharrow* v. *Inland Lines, Ltd.* (214 N. Y.) where at

page 108 Chief Judge BARTLETT said: " It is to be noted that the trend of our adjudications has long been in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure."

From these authorities I am convinced that it is the settled law of this State that in all actions or proceedings in a court of record the delivery of process to the sheriff of the proper county within the time limited by statute or by contract with the intention to have the same served is equivalent to the commencement of the action or proceeding within said time; that the lienor in the matter at bar complied with the notice requiring him to commence the action to enforce his lien, and that, therefore, the order appealed from was right and should be affirmed, with ten dollars costs and disbursements to the respondent.

LAUGHLIN, DOWLING and SHEARN, JJ., concurred; SMITH, J., dissented.

SMITH, J. (dissenting):

This application was made under section 59 of the Lien Law (Consol. Laws, chap. 33; Laws of 1909, chap. 38), which reads as follows:

" A mechanic's lien on real property may be vacated and canceled by an order of a court of record. Before such order shall be granted, a notice shall be served upon the lienor, either personally or by leaving it at his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor. Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service, or show cause at a Special Term of a court of record, or at a County Court, in a county in which the property is situated, at a time and place specified therein, why the notice of lien filed should not be vacated and canceled of record. Proof of such service and that the lienor has not commenced the action to foreclose such lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order."

Upon the 5th day of February, 1918, there was served upon the Jeromel Realty and Construction Company a notice that they were required to commence their action to enforce an alleged lien for $72,529.02 filed by them on the 10th day of December, 1917, not later than Monday, March 11, 1918, being over thirty days from the time of the service of this notice, or to show cause upon the 12th day of March, 1918, why an order should not issue directing that said lien be vacated and canceled of record.   Upon the 12th day of March, 1918, the Selwyn Realty Corporation came into court and made proof that the Jeromel Realty and Construction Company had upon the 10th day of December, 1917, filed a mechanic's lien upon the said premises in the sum of $72,529.02 and had taken no action to enforce the said lien down to February 5, 1918; that upon that date the Selwyn Realty Corporation caused the aforesaid notice to be served upon the lienor, and since the giving of that notice no further steps in relation to its enforcement of the lien had been taken.   It further appears in the affidavit that in April, 1917, the lienor took over by assignment a contract made between the Selwyn Realty Corporation and one Hall for the construction of a theatre and office building on said premises.   The contract provided, among other things, that Hall or his assignee was to obtain a mortgage of $300,000 to be placed on said premises.   In the summer of 1917 the Jeromel Realty and Construction Company, the assignee of Hall, advised the Selwyn Realty Corporation that it was unable to obtain the mortgage and that it was unable to fulfill its other obligations under the contract.   In the autumn of 1917 the said Jeromel Realty and Construction Company totally abandoned the work, although the building was simply in the course of construction and the contractor was in debt to subcontractors in the sum of tens of thousands of dollars. It is further alleged that, owing to the present condition of the money market and of the high cost of labor and material, it has been especially difficult for the Selwyn Realty Corporation to finance this building contract and to make a new contract for the completion of the building, and that a most serious obstacle to the making of a new arrangement has been the filing of these two liens, aggregating over $80,000, by the Jeromel Realty and Construction Company, and that in order

to bond the liens it would cost the owners upwards of $1,000. The affidavit then reads:

" That as heretofore indicated, the filing of the notice of lien by the Jeromel Realty & Construction Company was based on no valid claim whatsoever against the Selwyn Realty Corporation, but on the contrary the said Jeromel Realty & Construction Company has broken its agreements in the most vital respects and abandoned the contract to be performed by it, and had thrown on the owners, the debts of the Jeromel Realty & Construction Company and the necessity for re-financing the operation and obtaining a new contractor."

In answer to this application the Jeromel Realty and Construction Company made no denial of the allegations that it has no valid claim whatever against the Selwyn Realty Corporation, or that it has broken its agreements in the most vital respect, or that it has abandoned the contract to be performed by it, but simply asserts that on March 9, 1918, there were delivered to the sheriff of the county of New York five summonses with direction that the same be served upon the respective defendants therein, and that the service fees of the sheriff were then paid. There is no allegation that service was directed to be made forthwith, or even with reasonable diligence. The sheriff might then hold these summonses, if this case be rightly decided, for sixty days before serving them, and thus commencing the action. The respondent, therefore, has chosen to rest entirely upon its legal rights and upon the claim that the delivery of these summonses to the sheriff to be served constitutes a commencement of the action under section 399 of the Code of Civil Procedure.

That section is found in the " General provisions " under title 3 of chapter 4 of the Code of Civil Procedure, entitled: " Limitation of the Time of Enforcing a Civil Remedy," and known as the " Statute of Limitations." Section 398 reads: " An action is commenced against a defendant, within the meaning of any provision of this act, which limits the time for commencing an action, when the summons is served on him; or on a co-defendant who is a joint contractor, or otherwise united in interest with him."

Section 399 then reads: " An attempt to commence an

action, in a court of record, is equivalent to the commencement thereof against each defendant, *within the meaning of each provision of this act, which limits the time for commencing an action*, when the summons is delivered, with the intent that it shall be actually served, to the sheriff. * * * But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed, within sixty days after the expiration of the time limited for the actual commencement of the action, by personal service thereof upon the defendant sought to be charged, or by the first publication of the summons, as against that defendant, pursuant to an order for service upon him in that manner."

Section 399 provides that an attempt to commence an action as therein specified is equivalent to the commencement thereof " within the meaning of each provision of this act, which limits the time for commencing an action." In Throop's note to this section it is stated: " The provision has been extended to all cases where a limitation *is fixed by statute.*" The question here presented is not whether this section applies to the limitation of one year placed by the Lien Law (§§ 17, 19, as amd. by Laws of 1916, chap. 507) upon an action to foreclose a lien; nor is it whether this section applies to contracts similar to insurance policies which provide that action must be brought within a certain time, in default of which the right of action is forfeited. The opinion of the presiding justice herein satisfactorily demonstrates that the provision of section 399 of the Code will be liberally applied to statutes of limitation wherever found. This liberality is justified by the hardship to a party who when his time to commence his action. is about to expire is unable to find the defendant in order to make service. The restrictions imposed by a statute of limitations are inexorable. The courts are denied the power to give relief therefrom whatever hardship may follow. To prevent such inequity, section 399 of the Code was passed to give opportunity to a creditor to save his cause of action, even though personal service of the summons cannot be made. The distinguishing fact, however, between the cases relied upon and the case at bar is that section 59 of the Lien Law is in no sense a statute of limitations. It gives permission to the court to cancel

a lien in case the lienor does not proceed to enforce his lien as therein provided. That permission need not be availed of, even though the action be not commenced as is required by the notice which the owner of the property may have served upon the lienor under the statute, provided the lienor presents to the court any equities in excuse of his failure to commence his action within the time specified. The hardships imposed by the application of the Statute of Limitations and sought to be relieved by section 399 of the Code are entirely absent. No forfeiture of the cause of action necessarily follows the neglect to so commence the action. The court may deny the motion to cancel the lien if equitable reasons appear, though the lienor has made no attempt to commence his action. This case is neither within the spirit of section 399 of the Code, nor is it within the letter of the act, because it is not a provision *of any act* limiting the time for the commencement of an action.

On the other hand, to hold that section 399 of the Code applies to an action commenced under section 59 of the Lien Law well nigh emasculates the section. Its object is to enable a property owner to have canceled a lien filed for ulterior purposes. The filing of liens of necessity causes much embarrassment to the owners of property in their financial management of the property thereafter. Where a contract has been abandoned a new contract must be made. Generally it becomes necessary to bond that lien, sometimes at large cost, before the new contract can be made. When the lien filed is without merit and is filed to enforce a settlement or for other ulterior purposes, the hardship is greater. To protect an owner of property against such " hold up " liens, this provision was inserted in the Lien Law. The Statute of Limitations for the foreclosure of a lien is only a year. This statute permits an owner to serve notice upon the lienor to proceed to enforce his lien within a time named, not less than thirty days, or show cause why his lien shall not be canceled. If section 399 of the Code applies to an action thus commenced, the lienor is in effect given ninety days instead of thirty days in which to prosecute his lien. The purpose of the section is then practically thwarted. When the purpose of the section is considered, and when the purpose

of section 399 is also considered the court should not, save by imperative necessity, hold that an action commenced pursuant to a notice under section 59 of the Lien Law, is commenced by the mere delivery of the summons to the sheriff. I find no such necessity.

This motion was denied by the Special Term, not upon the ground that the action had been properly commenced under section 399 of the Code, but upon the authority of *Jackson Co.* v. *Haven* (87 App. Div. 236). In that case the lienor was ordered to show cause why his lien should not be discharged. He had within the thirty days prepared his summons and complaint, which were served upon one of the defendants. Efforts were made to serve it upon the owner (appellant), but in consequence of the failure to the process server to find him, service was not made. Failure to make that service was sufficiently excused, and in that case it appeared that the summons was actually served upon the owner before the application to discharge the lien. These facts are all absent from the instant case, for no attempt whatever seems to have been made to commence this action, other than the single act to put the summons in the hands of the sheriff for service. There is nothing in the record to show that service of the summons has yet been made. There is no claim that the defendant was not accessible at any time, and there was no attempt whatever on the part of the lienor to show any equities which could give the court any basis whatever for denying the relief upon equitable considerations.

For these reasons, I think the order should be reversed and the motion granted.

Order affirmed with ten dollars costs and disbursements.