J. Irwin Shapiro, J.
This is an application by the owner of a piece of property ‘1 for an order for the cancellation of the undertaking and discharging the surety on a bond given under order of this Court to discharge ” a mechanic’s lien.
The basis of the application is the failure of the lienor to commence an action to enforce said lien within 30 days after notice, as required by section 59 of the Lien Law. That section provides: “A mechanic’s lien notice of which has been filed on real property or a bond given to discharge the same may be vacated and cancelled or a deposit made to discharge a lien pursuant to section twenty may be returned, by an order of a court of record. Before such order shall be granted, a notice shall be served upon the lienor, either personally or by leaving it at his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor. Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice not less than thirty days from the time of service, or show cause at a special term of a court of record, or at a county court, in a county in which the property is situated, at a time and place specified therein, why the notice of lien filed or the bond given should not be vacated and cancelled, or the deposit returned, as the case may be. Proof of such service and that the lienor has not. ™mmenced the action *496 to foreclose such lien, as directed in the notice shall be inade by affidavit, at the time of applying for snch order.”
It has been held that the requirements of this section are not mandatory and that the right to an order to vacate a mechanic’s lien for failure to commence a proceeding to enforce the same within the 30-day period rests in the sound discretion of the court. (Jackson Co. v. Haven, 87 App. Div. 236; Matter of Poole, 14 N. Y. S. 790.) In the Jackson case the court said (p. 237): “ Section 3417 of the Code of Civil Procedure [this section] is not a statute of limitation, nor does it make it compulsory upon the court to order the cancellation of a lien upon the failure of the lienor to begin a suit after notification to commence an action within thirty days after the time specified in the notice. It is a permissive statute, clothing the court with discretionary power. It is in no sense mandatory, and the lien does not fall by a non-compliance with the notice.”
In this case it is undenied that subsequent to the service of the notice to commence suit upon the lienor there were “ numerous conversations with the attorney for lasa corporation wherein possible settlement of this matter was discussed ” and that “ after several of such discussions, it became apparent that the within matter could not be settled”. Under such circumstances it would be manifestly unfair to cancel the mechanic’s lien,- and it has been so held in Matter of Rosen v. 333 State Corp. (172 Misc. 134). If a notice to commence an action under this section (Lien Law, § 59) is served the contractor at a hearing on the motion may sustain a defense to the application by showing (1) that he has commenced an action within the time limited or (2) that sufficient cause exists why he has not done so (Mincher v. Levine, 136 N. Y. S. 2d 585). In this case the attorney for the moving party herein when asked to accept service of the summons and complaint stated that he “ was not authorized to accept service” thereof. As a result the attorney for the contractor ‘ ‘ issued the summons and complaint for immediate service upon lasa corporation and it is expected that service will be completed momentarily.” Under such circumstances the discretion of the court should be and is hereby exercised to deny the motion.