Lewis W. Olliffe, J.
This is a motion pursuant to section 59 of the Lien Law to cancel a mechanic’s lien upon the ground that no action to enforce the same had been commenced within 30 days from the date of service of a notice to commence an action, namely, July 1, 1960. The attorney for the lienor has sworn that he mailed a copy of the complaint to the attorneys *853 representing the owner on June 30,1960 and that he telephoned the attorneys for the plaintiff on July 1, 1960. The attorneys representing the owner admit a telephone call was received at their office on July 1, but claim the complaint was not received until July 5. The court assume both parties are telling the truth. The Fourth of July holiday intervened. The attorneys for the owner informed the attorney for the lienor that they were unauthorized to accept service for their client. Service was made on the defendant by serving the Secretary of State on July 8, 1960. The attorney for the lienor in explanation of its failure to comply with the statute, among other things, states as follows: “In the case before the bar, the attorney for the lienor received the motion on or about the 6th day of June, 1960. He was out of the State until June 20,1960. Due to the backlog of work and also due to the fact that he is a single practitioner, the summons and complaint necessary to be served in this action, was not served on the attorneys for the owner until July 1,1960. If the attorney for the lienor did not for one minute believe that service would have been accepted by the attorneys for the owner as a matter of accommodation from brother attorney to brother attorney, this procedure never would have been followed. Bather a direct service on the Secretary of State, as has now been accomplished, would have been the mode of procedure. ’ ’
The court feels that the indignation shown by the attorney for the lienor is entirely unjustified unless there are special circumstances which certainly did not exist in this instance, where the attorneys are “fighting nail and tooth ”, to expect an opposing attorney to accept service of a summons without as much as requesting him in advance to do so. “ In Matter of Poole ([38 N. Y. St. Rep. 806], supra) the court remarks that ‘ the statute, pursuant to which the notice was served, provides that the owner may give notice to the lienor to bring an action of foreclosure by a day named, or show cause why the lien should not be vacated; and further provides that the court may make an order vacating the lien. The language of the statute is plain and intelligible. The intention of it was clearly to enable the owner to require the lienor to test the validity of his lien speedily and to give to the court the power to vacate or discharge the lien in case the action was not commenced, or sufficient reason presented to the court excusing the lienor for not commencing the action in the time named in the notice. ’ ” (Jackson Co. v. Haven, 87 App. Div. 236, 238.)
Section 59 of the Lien Law is not a Statute of Limitations. The lien does not fall by noncompliance with the notice. It is the duty of the court to consider the equities of the ease and it *854 has the power to excuse the lienor for not commencing the action in the time named in the notice.
The owner is not in any way prejudiced by the denial of this application. The owner’s position has not changed because it knew at all times that the lienor intended to pursue its remedy. The owner is a corporation. Should the owner sell, it might be difficult to locate assets. It is possible that the attorney for the lienor might be subject to a malpractice action if this application were granted.
The lienor at the most was 9 days late in commencing its action. A delay of as long as a period as 29 days has been excused. (See Matter of Rosen, 13 N. Y. S. 2d 1019.)
The motion to vacate mechanic’s lien pursuant to section 59 of the Lien Law is denied.